RECEIVED CASHIER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

CLERK'S OFFICE USDC PR

IN RE SUBPOENA TO NON-PARTY
SARAH J. POBERESKIN

Non-Party Movant,

THE RESOURCE GROUP
INTERNATIONAL LIMITED,

Petitioner/Judgment Creditor,

v.

MUHAMMAD ZIAULLAH KHAN
CHISHTI,

Respondent/Judgment Debtor.

MISC. NO.: 25-369 GjMM

2025 OCT 1 PM3:25

(Related to S.D.N.Y. 1:25-CV-01021 (JSR))



RECEIPT # 120423
AMOUNT: 52.00

OCT 0 1 2025

CASHIER'S SIGNATURE

## NON-PARTY SARAH J. POBERESKIN'S MOTION TO QUASH SUBPOENA AND/OR REQUESTING A PROTECTIVE ORDER

COMES NOW, Sarah Pobereskin ("Ms. Pobereskin") and respectfully moves the Court to

issue an order under Rule 45(d)(3) of the Federal Rules of Civil Procedure ("FRCP") quashing the

non-party subpoena issued by The Resource Group International Limited, and/or to issue a

protective order in favor of the appearing party under FRCP 26(c).

### I.    PRELIMINARY STATEMENT

This matter arises from Petitioner's effort to collect a judgment it obtained against

Muhammad Ziaullah Khan Chishti ("Mr. Chishti"), not against Ms. Pobereskin. Petitioner first

pursued Mr. Chishti in arbitration and then had that award confirmed in federal court in Southern

District of New York ("S.D.N.Y."). It is now conducting post-judgment discovery to locate assets

of the judgment debtor.

Ms. Pobereskin is not a judgment debtor. She did not participate in the arbitration, she is

not bound by the New York judgment, and she has not been sued in any related enforcement action. She is the debtor's spouse, and their finances are governed by executed pre- and post-nuptial agreements that establish a separation-of-property regime.

Despite this, on September 17, 2025, Petitioner served Ms. Pobereskin in Puerto Rico with a forty-one-category subpoena[1] demanding "all" manner of communications, banking, tax, securities, property, and professional-fee records—much of it duplicating what Petitioner already seeks (and is receiving) from Mr. Chishti himself. The subpoena, which commands production on October 15, 2025 in this Court, does not rest in any pleaded claim against Ms. Pobereskin; it is, at best, pure "just-in-case" asset fishing. Petitioner has also served at least seven (7) additional post-judgment subpoenas on banks and law firms. That pattern confirms this is not disciplined discovery but an overreach the rules do nor permit.

Ms. Pobereskin asks this Honorable Court to quash the subpoena. A proposed order is submitted herewith as Attachment E. Should the Court nevertheless consider allowing any non-party discovery, it should be strictly conditioned to avoid duplicating efforts or reaching her separate assets. At minimum, any discovery directed to her should be deferred until Mr. Chishti has completed his production and Petitioner can identify a specific gap that only she can fill. Even then, any non-party request must me tethered directly to matters relating to Mr. Chishti's assets or transactions, and Petitioner cannot rest on the fact of their marriage to reach Ms. Pobereskin's separate property. Any such request must also be strictly limited to objective, documents-sufficient-to-show ownership or identification, within a short timeframe, under strict confidentiality, and with cost-shifting to the party that chose to burden a non-party.

## II.    JURISDICTION AND VENUE

---

[1] *See Subpoena*, **Attachment A**.

This Court has authority to adjudicate this motion under Federal Rule of Civil Procedure 45(d)(3) as "the court for the district where compliance is required." The subpoena commands compliance in the José V. Toledo U.S. Courthouse, 300 Recinto Sur, San Juan Puerto Rico 00901; accordingly, venue and jurisdiction are proper in this district for purposes of quashing or modifying the subpoena and issuing protective relief. *See* Fed. R. Civ. P. 45(c), (d)(3). Transfer under Rule 45(f) is unwarranted because Ms. Pobereskin does not consent, and no "exceptional circumstances" justify moving this non-party burden to another forum.

### III.    ARGUMENTS

#### A. QUASH IN FULL IS WARRANTED BECAUSE MS. POBERESKIN IS A NON-PARTY WITH A SEPARATE-PROPERTY REGIME AND PETITIONER HAS NOT CARRIED ITS INITIAL RELEVANCE BURDEN UNDER RULE 26(B)(1).

A Rule 45 subpoena lives or dies by Rule 26(b)(1). The serving party bears the initial burden to show the requests are relevant to a claim, defense, or—post-judgement—enforcement. *Caballero v. FARC*, 2025 WL 2433236, at *3 (D.P.R. Aug. 22, 2025); *Smith v. Turbocombustor Tech., Inc.*, 338 F.R.D. 174, 176 (D. Mass. 2021); *Close v. Account Resolution Services,* 557 F. Supp. 3d 247, 250 (D. Mass. 2021). Here, the subpoena targets the finances of a non-party spouse untethered to the underlying arbitration or judgment. Relevance ends there.

It goes further downhill where Ms. Pobereskin's assets are governed by executed pre- and post-nuptial agreements that establish a separation-of-property regime. Her property is her own. To be sure, like any married couples with children, she and Mr. Chishti share some assets and conduct family transactions together. But sharing a household account for family expenses is not evidence that Mr. Chishti controls her assets, much less that she is his alter ego or that her separate property is exposed to his creditors. Unless Petitioner can make a concrete, non-speculative showing, her assets are simply outside reach.

First Circuit law is unequivocal: courts do not permit "speculative inquiries in the guise of relevant discovery." *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 41 (1st Cir. 2003). That principle carries its greatest force when the target is a non-party not liable for the judgment. Concern for the burden placed on outsiders deserves "special weight." *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (1st Cir. 1998). Here, Petitioner's overbroad demands cross that line. The proper remedy is a quash in full.

**B. IN THE ALTERNATIVE, THE SUBPOENA IS DUPLICATIVE AND OVERBROAD, AND PARTY DISCOVERY MUST PROCEED FIRST BEFORE ANY NARROW, NON-PARTY INQUIRY**

Mr. Chishti has already objected to these same categories of requests, preserving issues of scope, proportionality and privilege.[2] Those objections, filed in the underlying proceedings and attached here as Attachments B and C, show that Petitioner's demands are already being litigated at the party level and should not be relitigated against a non-party spouse.

On September 17, 2025, the S.D.N.Y. entered an Order[3] directing Mr. Chishti to turn over documents on the very categories Petitioner now presses against Ms. Pobereskin—bank accounts, securities and transfers, assets titles in her name, the couple's pre- and post-nuptial agreements, amomg others—and narrowed overbroad requests to named entities and non-privileged material.[4] Given that ruling, non-party discovery that traces those categories is cumulative and imposes undue burden.

---

[2] *See Respondent Muhammad Ziaullah Khan Chishti's Responses & Objections to Petitioner's First Set of Requests for the Production of Documents,* Docket No. 64-7 in the underlying case 1:25-cv-01021-JSR, **Attachment B**; Respondent's September 15, 20225 letter in brief response to Petitioner's First Set of Requests for Production of Documents and Interrogatories, Docket No. 67 in the underlying case 1:25-cv-01021-JSR **Attachment C.**
[3] *See* Docket No. 72 in the underlying case 1:25-cv-01021-JSR, **Attachment D.**
[4] We reference the September 17, 2025, S.D.N.Y. order only to note that the same categories of requests are being litigated at the party level and that Mr. Chishti is producing on them. Ms. Pobereskin, however, had no opportunity to contest those rulings. As a non-party spouse rather than a judgment debtor, she is entitled to even stronger protections from duplicative and burdensome discovery in this Court, as discussed below.

4

Rule 26(b)(2)(C)(i) requires courts to limit discovery that is "unreasonably cumulative or duplicative" or "obtainable from some other source that is more convenient, less burdensome, or less expensive." The party is the canonical "more convenient" source. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir 2001); *Cusumano*, 162 F.3d at 717. This Honorable Court applies that rule with teeth: when information can be had from the party, broad non-party subpoenas are quashed or tailored. *Casillas Guardiola v. Bayer P.R., Inc.*, 2024 WL 637425, at *5-6 (D.P.R. Feb. 15, 2024).

Moreover, "resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 *for the production of documents belonging to a party." Stokes v. Xerox Corp.*, 2006 WL 6686584, at *3 (E.D. Mich. Oct. 5, 2006). (Emphasis ours.) "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness." *Id.*, citing 8A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2204 at 365 (2nd ed. 1994). Nor is it proper for a Plaintiff to parallel-track discovery in such a way, for that also violates Rule 26(b)(2)(C)'s prohibition against seeking "cumulative or duplicative" discovery.

For illustrative purposes only, we set out representative overlaps showing that the subpoena to non-party Ms. Pobereskin largely mirrors requests already propounded to Mr. Chishti (and addressed in his responses, objections, meet-and-confer correspondence and the September 17th, 2025 Order issued by the S.D.N.Y.) We hereby attach those objections as filed by Mr. Chishti and incorporate them by reference as if set forth fully herein with respect to the corresponding requests directed to Ms. Pobereskin. The following examples show that each category in the subpoena is already covered in party discovery:

**1. Accounts, balances and transactions (identification and statements)**

   a.  Subpoena to Ms. Pobereskin:

        i.  Requests 3-5 - Identify all accounts held by Ms. Pobereskin <u>or Mr. Chishti</u> in the last five years, including balances and "all transactions since Jan 1, 2021".

   b.  Discovery Requests to Mr. Chishti:

        i.  RFP Nos. 5, 7, 10 and related ROG Nos. 4, 8 – Provide all assets; updated/current bank statements; loans/collateral), to which Mr. Chishti agrees in part to supplement/produce.

        ii.  Mr. Chishti also objected to overbroad timeframes and scope, limiting to a "Defined Time Period".

   c.  Result: Petitioner should complete Mr. Chishti's production first; only if true gaps remain should any inquiry reach a non-party spouse—and even then, limited to jointly held assets. Requests seeking disclosure of Ms. Pobereskin's own seperate accounts, finances, or property are outside the scope and impermissible. Accordingly, these non-party requests should be quashed.

2. **Real property and other asset inventories**

   a.  Subpoena to Ms. Pobereskin:

        i.  Requests 6-7, 9, 23 - all real property held by Ms. Pobereskin <u>or Mr. Chishti</u>; all "other assets" held by them; in the posession or custory od a third party; "any property" documentation.

   b.  Discovery Requests to Mr. Chishti:

        i.  RFP No. 5 / ROG No. 4 - identify substantial assets; not trivial possessions. Mr. Chishti agreed to supplement.

c.  Result: the same information is already being produced (or will be) through party discovery. Non-party duplication serves no purpose and adds undue burden. Accordingly, these non-party requests should be quashed.

## 3.  Inter-spousal and high-value transfers

a.  Subpoena to Ms. Pobereskin:

   i.  Requests 1-2, 17 - transfers ≥ $10,000 between Ms. Pobereskin and Mr. Chishti; his interest in or control over her property; loans/investments/transfers between them.

b.  Discovery Requests to Mr. Chishti:

   i.  Interrogatory objections note Petitioner's broad demand for "any transaction ≥ $10,000 and resist spouse-related discovery as overbroad and irrelevant to assets available to satisfy judgment.

c.  Result: These transfers are already in dispute in party discovery. The S.D.N.Y. ordered Chishti to respond on transfers between him and Ms. Pobereskin and on assets nominally in her name. Duplicating the same fight through a non-party subpoena is improper. Accordingly, these non-party requests should be quashed.

## 4.  Entities, LLCs, and trusts, loans, trasnfers (ownership/control; contributions)

a.  Subpoena to Ms. Pobereskin:

   i.  Requests 10-12, 21-22, 33, 35, 37-40 - entities/trusts associated with Ms. Pobereskin or Mr. Chishti; contributions, equity/debt interests; loans; transfers; audits; entity records including Sarah Pobereskin Act 60 LLC, Sarah Pobereskin Investment LLC, Zia Chishti Act 60 LLC, Zia Chishti Investment

LLC, Redcourt LLC, Isbei Al (Private) Ltd., Isbei (Hainan) Technology Co. Ltd., and Qinhe (Hainan) Intelligent Technology Ltd.

b. Discovery Requests to Mr. Chishti:

    i. RFP No. 34 demands ("[a]ll Documents concerning any corporate entities held by you and/or Sarah... including... Sarah Pobereskin Act 60 LLC, Sarah Pobereskin Investment LLC, Zia Chishti Act 60 LLC, Zia Chishti Investment LLC, Redcourt LLC," which Mr. Chishti objected to as overbroad, burdensome, privacy-intrusive, and reaching a non-party (Ms. Pobereskin).

    ii. RFP No. 41 compels documents concerning any audit of Isbei, Ltd.

c. Result: Petitioner is already pursuing these same entities directly from Mr. Chishti. That party-level discovery must be completed first. Moreover, Ms. Pobereskin's business entities are irrelevant to enforcement of a judgment against Mr. Chishti and fall outside the scope of permissible discovery. Burdening a non-party spouse to re-litigate objections already preserved in party discovery is unjustified. Accordingly, these non-party requests should be quashed

## 5. Securities (TRG-I / TRG-P), pledges/encumbrances, and contemplated transfers

a. Subpoena to Ms. Pobereskin:

    i. Request 13-16 - securities held by either; any planned/contemplated transfers; efforts to remove pledges.

b. Discovery Requests to Mr. Chishti:

    i. RFP No. 38 (repudiation/payment communications-quashed in part), RFP No. 35 (pre/post nups, see below), and confirms Petitioner already possesses

information concerning TRG-I/TRG-P shares; Afiniti shares are "now worthless" post-liquidation.

c. Result: Party discovery already covers securities holdings and pledges. Ms. Pobereskin's subpoena requests expand that into speculative "planned/contemplated" transfers. That is overbroad and burdensome. Accordingly, these non-party requests should be quashed

## 6. Bank communications and JD Bank/JS Global/JS Bank Bahrain materials

a. Subpoena to Ms. Pobereskin:

i. Requests 8, 18, 27-28 - all documents/communications by <u>either</u> with any JS affiliate; letters of credit; defaults/collection.

b. Discovery Requests to Mr. Chishti:

i. RFP 18-19 - Mr. Chishti agreed to produce up-to-date bank statements and JD Bank materials already produced in arbitration, stands on objections to sweeping communications requests.

c. Result: JS-Bank/affiliate topics are already being produced by the debtor and the overbroad "any entities" language was pared back by the S.D.N.Y. to named entities, which proves that these issues are being handled at the party level and financial institution level. Demanding "all communications" from Ms. Pobereskin adds nothing but burden, especially where banks/firms are already subpoenaed. Accordingly, these non-party requests should be quashed

## 7. Professional fees (law firms), liens, and privilege

a. Subpoena to Ms. Pobereskin:

i. Requests 20, 24-26 - payments/retainers; liens; legal-service providers.

      ii.  Request 29 - communications with accountants/wealth managers.

  b.  Discovery Requests to Mr. Chishti:

      i.  Mr. Chishti addressed attorney charging liens (e.g., Brown Rudnick); resisted broad communications as privileged; will produce non-privileged payment records and log as needed.

  c.  Result: Fee records and privilege issues are already addressed in party discovery. Duplicating those demands against a non-party is improper. Accordingly, these non-party requests should be quashed.

## 8. Prenuptial and postnuptial agreements

  a.  Subpoena to Ms. Pobereskin:

      i.  Request 34 - pre-/post-nuptial agreements.

  b.  Discovery Requests to Mr. Chishti:

      i.  RFP No. 35. - Mr. Chishti argued privilege and agreed to produce signed copies (if located) as sufficient for judgment discovery; court has already recognized privilege concerns on related communications.

  c.  Result: Party production already covers this category. Mr. Chishti has agreed to produce any executed pre- and post-nuptial agreements in his possession. That production should precede and preclude any attempt to compel the same materials from Ms. Pobereskin. There is no basis to re-litigate objections through a non-party spouse, nor to reach beyond signed agreements into her private files. Accordingly, these non-party requests should be quashed.

## 9. Tax returns and tax schedules

  a.  Subpoena to Ms. Pobereskin:

i.  Requests 30-31 - full United States federal, state, territory and local and any tax returns for the past five years, including Ms. Pobereskin's entities, as well as proof of income.

b.  Discovery Requests to Mr. Chishti:

i.  Mr. Chishti has addressed tax information scope and stands on objections to overbreadth; proposes narrower approached tied to asset identification.

c.  Result: Return-level discovery belongs with the party. Mr. Chishti has already addressed the scope of tax materials and stands on objections to overbreadth, offering narrower asset-focused disclosures. The sequencing must control. If return-level information is ever deemed necessary, it should be obtained from him in the first instance. Any non-party request to Ms. Pobereskin should be categorically off-limits as to her separate returns and, at most, narrowly tied to jointly owned assets and only if a genuine gap remains after party discovery. Accordingly, these non-party requests should be quashed.

**10. Judgments/liens and foreign suits (Pakistan)**

a.  Subpoena to Ms. Pobereskin:

i.  Requests 19, 32, 41 - Pakistan litigations; liens/encumbrances; other judgments.

b.  Discovery Requests to Mr. Chishti:

i.  Mr. Chishti has responded/stood on objections regarding foreign proceedings and will produce documents regarding judgments against him; disputes breadth of "all documents/communications".

c.  Result: These topics are already encompassed within party discovery. Mr. Chishti has responded to requests regarding foreign proceedings and judgments, and the S.D.N.Y.

ordered production on these same themes. Requests that mirror what is already being produced by the party are duplicative and must be quashed.

Rule 26(b)(2)(C)(i) leaves no discretion: discovery that is "unreasonably comulative or duplicative" or available from a "more convenient, less burdensome" source—the party—must be limited. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) (Finding that "it would be an 'undue burden'" on a non-party to permit a "fishing expedition"); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Heidelberg Ams., Inc., v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41-42 (1st Cir. 2003) (affirming quash of a sweeping non-party subpoena as overbroad/unduly burdensome and holding that district courts have broad discretion to protect non-parties).

This Court follows the same rule. In *Casillas Guardiola v. Bayer P.R., Inc.*, 2024 WL 637425, at 5-6 (D.P.R. Feb. 15, 2024), the Court quashed non-party subpoenas where the information could "reasonably be obtained from [the party]," emphasizing Rule 26(b)(2)(C)'s sequencing requirements. Likewise, in *W Holding Co. v. Chartis Ins. Co. of P.R.*, 2013 WL 6001087, at *3-4 (D.P.R. Nov. 12, 2013), the Court struck generic, catch-all requests as unduly burdensome, required the requesting party to first obtain documents controlled by the party, narrowed topics to the claims actually at issue, and shifted costs for burdensome production. See also *Puerto Rico Ports. Auth. V. P/V/ Norwegian Epic*, 2022 WL 2704477, at *4-6 (D.P.R. July 12, 2022).

Accordingly, should the Court decline to quash in full, it should defer any non-party production until Petitioner (i) completes and documents a good-faith review of Mr. Chishti's production; (ii) identifies concrete, non-duplicative gaps tied to specific claims or defenses, (iii)

shows that any such gaps relate to Mr. Chishti's assets or transactions, and not to Ms. Pobereskin's separate property; and (iv) tailors any surviving non-party requests by topic, timeframe, and custodian, with agreed ESI search terms and formats and, if warranted, cost-shifting under Rule 45(d)(1). This sequencing satisfies Rule 26 proportionality, minimizes non-party burden, and ensures that any residual non-party discovery targets only what the party's files truly do not contain.

## C. PRIVACY AND CONFIDENTIALITY PROTECTIONS FOR ANY RESIDUAL NON-PARTY DISCOVERY (FINANCIAL RECORDS; COMMERCIAL INFORMATION)

FRCP 45(d)(3)(B)(i) provides that to "protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information." The term "trade secrets" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—

> **(A)** the owner thereof has taken reasonable measures to keep such information secret; and
> **(B)** the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information;

18 U.S.C.A. § 1839.

The subpoena to Ms. Pobereskin affects her personal financial privacy and would compel disclosure of confidential commercial information. It seeks banking, brokerage, and tax materials

and granular business records—including, without limitation account identifications, balances, and transaction histories (Requests 3-5), tax returns and schedules (Requests 30-31), securities holdings/pledges and transfers (Requests 13-16), letters of credit and related instruments (Requests 27-28), payments to law firms and lien assertions (Requests 24-26), communications with accountants/wealth managers (Requests 29), entity and trust ownership/management details (Requests 10,12, 33, 35-36), and real-property documentation (Requests 6-7, 23).

The above warrants that this Honorable Court at least narrow the scope of the documents to be produced, if any. Also, the subpoena is needlessly overbroad since Petitioner is concurrently seeking most of that information from party Respondent, bank institutions and law firms. Production of said documents is still pending.

A protective order in favor of Ms. Pobereskin is warranted under the provisions mentioned above in the form of an order quashing the subpoena. As discussed above, the subpoena largely seeks documents that should properly be sought through inter-party discovery channels. And given that Petitioner has already sought this discovery through its RFPs, much of the information sought through the subpoena is unnecessarily duplicative.

All of the circumstances surrounding this request for subpoena, taken together—including the burden, the lack of relevance, and the lack of need for the documents—render Petitioner's request unreasonable. Accordingly, the Court should quash the subpoena.

## IV.    CONCLUSION

For the reasons described above, Ms. Pobereskin respectfully moves the Court to issue an order quashing the non-party subpoena issued by the Petitioner. A proposed order is submitted as Attachment E.

**WHEREFORE,** non-party Sarah J. Pobereskin respectfully requests that the Court enter an Order granting the following relief:

1. Quash the September 17, 2025 subpoena directed to Ms. Pobereskin in its entirety.

2. Alternatively, if the Court declines a full quash, then:

   a. Defer any non-party discovery until Petitioner completes party discovery from Mr. Chishti and files a certification identifying specific, non-duplicative gaps that cannot be met from him or other more convenient sources (e.g., banks and law firms to which subpoenas have already been served);

   b. Require that any such gaps relate to Mr. Chishti's assets or transactions, and not to Ms. Pobereskin's separate property;

   c. Limit any surviving non-party discovery, if truly necessary, to documents sufficient to show identification/ownership;

   d. Impose a narrow temporal window tied to the post-judgment enforcement period;

   e. Adopt a modest, targeted ESI protocol (limited custodians, focused date ranges, and agreed search terms)

   f. Order cost-shifting to Petitioner for any non-party collection, review, hosting, and production costs, Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii);

   g. Require privilege logs only if and to the extent any privilege is actually invoked over materials that otherwise fall within the narrowed scope.

3. Stay the current compliance date and deem Ms. Pobereskin's service of objections timely.

4. Set any new compliance date, if needed, no earlier than thirty (30) days after (i) completion of Mr. Chishti's production and (ii) Petitioner's gap certification.

5. Deny transfer under Rule 45(f) for lack of consent and absent exceptional circumstances.

6. Award Ms. Pobereskin her reasonable attorneys' fees and costs incurred in bringing this motion.

7. Grant such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on October 1, 2025.

> *Counsel for Sarah J. Pobereskin*
> **REICHARD & ESCALERA LLC**
> MCS Plaza
> 255 Ponce de León Ave., Suite 1000
> San Juan, PR 00917-1913
> PO Box 364148
> San Juan, PR 00936-4148
> Tel.: 787-777-8888
> Fax: 787-765-4225
>
> _____
> CHRISTOPHER A. DÁVILA-RODRIGUEZ
> cdavila@reichardescalera.com
> U.S.D.C. No. 304103

### CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing to be served upon counsel for Petitioner, Jeffrey A. Rosenthal, by certified mail at One Liberty Plaza, NY, NY 10006, and by email at jrosenthal@cgsh.com; and upon counsel for Respondent, John G. Doyle, by certified mail at 2099 Pennsylvania Avenue, NW, Suite 100, Washington, D.C. 20006-6801, and by email at jdoyle@sheppardmullin.com.

_____
USDC-PR 304103