UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE RESOURCE GROUP
INTERNATIONAL LIMITED.

               Petitioner,

   -against-

MUHAMMAD ZIAULLAH KHAN
CHISHTI

             Respondent.

Case No.: 25-cv-1021 (JSR)

## ATTACHMENT A

## DEFINITIONS

1.      Petitioner incorporates by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules").

2.      "Account" or "Accounts" means and includes, but is not limited to, savings accounts, checking accounts, money market accounts, brokerage accounts, securities accounts, certificates of deposit, lines of credit, and any other credits or debits.

3.      "Action" refers to the above-captioned action.

4.      "Bank" means any financial institution receiving, holding, or lending funds, securities or other debt instruments, without limitation to the location of such institution or its assets and including any affiliates, branches, subsidiaries, agents or associated individuals.

5.      "Final Award" means the arbitral award issued on April 22, 2025, in the JAMS arbitration captioned *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846, and confirmed in this Action on June 20, 2025.

6.      "Held" means directly, indirectly or beneficially, singly or jointly, owned, controlled or, leased by You or Respondent, for which You or Respondent are a signatory, or in which You or Respondent have any other Interest, whether or not You or Respondent have present possession, including without limitation as trustee, contributor to a trust or trust beneficiary.  For the avoidance of doubt, "Held" also includes any assets in which You or Respondent have claimed or purported to have any of the foregoing, whether or not in dispute and whether in the possession of You or Respondent or any third party.

7.      "Interest" means a direct, indirect or beneficial, contingent or non-contingent, liquidated or unliquidated, current or future ownership interest, control or possession, or as trustee, director, advisor or beneficiary of a trust, or any other interest recognized by law.

8.      "Respondent" means Muhammad Ziaullah Khan Chishti and each of his agents and employees, and all other persons acting or purporting to act on his behalf and all of his representatives, including any entities with which he is associated (including but not limited to Zia Chishti Act 60 LLC, Zia Chishti Investment LLC, and Redcourt LLC), as well as his attorneys unless otherwise specifically noted.

9.      "Request" and "Requests" mean the requests for the production of Documents set forth herein.

10.      "TRG-I" means The Resource Group International Limited, as well as any affiliates, subsidiaries, and portfolio companies thereof.

11.      "TRG-P" means TRG Pakistan Limited, as well as any affiliates, subsidiaries, and portfolio companies thereof.

12.      "You" or "Your" means Sarah Jennifer Pobereskin and each of her agents and employees, and all other persons acting or purporting to act on her behalf and all of her

representatives, as well as any entities with which she owns, in whole or in part, controls, is a beneficiary of or is otherwise associated with (including but not limited to Sarah Pobereskin Act 60 LLC and Sarah Pobereskin Investment LLC), and her attorneys unless otherwise specifically noted.

## **INSTRUCTIONS**

1.      Unless otherwise stated, these Requests are subject to Rule 26.3 of the Local Civil Rules.

2.      You shall respond to these Requests and produce the requested Documents in the manner prescribed by the Federal Rules of Civil Procedure.

3.      Unless otherwise stated in the specific Request, You are to produce all responsive documents between January 1, 2021 and today.

4.      Each Request operates and shall be responded to independently, and unless otherwise indicated, no Request limits the scope of any other Request.

5.      In responding to the Requests, You shall produce all responsive Documents that are in Your possession, custody, or control, or in the possession, custody, or control of Your agents, employees, or other representatives.  A Document shall be deemed to be within Your control if You have the right to obtain the Document or a copy of the Document from another person having possession or custody of the Document.

6.      Documents shall be produced as they have been kept in the ordinary course of business with all identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond with the Requests.

7.      Each Request that seeks information relating in any way to Communications to, from, or within a business and/or corporate entity includes all

Communications by and between representatives, employees, agents, and/or servants of the business and/or corporate entity.

8.    If an objection is made to any part of a Request, the response shall state that there is an objection to the Request and the legal and factual basis for such objection.

9.    No part of a Request shall be left unanswered merely because an objection is made to another part of the Request.

10.    In the event that any Document called for by any Request has been destroyed or discarded, You shall identify the Document so lost, discarded, or destroyed.

11.    If any Request demands a Document that You claim may be withheld due to privilege, work product, or any other privilege or immunity from disclosure, You shall respond to any portion of the Request that is not subject to such a claim, and shall indicate with specificity and particularity the basis of said withholding, including:

(a)    the identity of the author, addressee(s), and all recipients of copies of the Document;

(b)    the job title or position of every person identified in response to subparagraph (a);

(c)    the date, nature, and subject matter of the Document; and

(d)    the statute, rule, or decision that is claimed to give rise to the privilege.

12.    If the response to any Request consists in whole or in part of an objection based upon undue burden, then with respect to such response:

(a)    provide such information as can be ascertained without undue burden; and

(b)    state with particularity the basis for such objection, including a description of the process or method required to obtain the response to the Request and the estimated cost and time required to obtain the response to the Request.

13.     In addition to following the rules of construction in Rule 26.3 of the Local Civil Rules, whenever necessary to bring within the scope of the Request Documents that might be otherwise construed outside to be outside their scope, construe:

(a)     the use of a verb in any tense as the use of that verb in all other tenses;

(b)     the use of the feminine, masculine or neuter genders as including all genders; and

(c)     lowercase words as having their ordinary meaning.

14.     There is no geographic limitation on the scope of these Requests.  *See Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 144–46 (2014) (declining to impose any geographic limitation on asset discovery directed towards a judgment debtor, in order to permit a judgment creditor to "identify where [the judgment debtor] may be holding property that is subject to execution") (emphasis omitted).

15.     These Requests are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, You are required promptly to serve supplementary responses to the Requests if You obtain additional or different information.

## REQUESTS FOR PRODUCTION

1.     All Documents concerning any transfer of cash, securities, futures, real estate, or other property with a value above $10,000 between You and Respondent.

2.     All Documents concerning Respondent's Interest in, rights or access to, use of, or control over Your property.

3.     Documents sufficient to identify all Accounts Held by You or Respondent, including but not limited to any such Accounts that have been closed in the last five years.

4.     Documents sufficient to identify the current balance, currency, and as-of date for each Account identified in response to Request No. 3.

5.      Documents sufficient to identify all transactions since January 1, 2021 for each Account identified in response to Request No. 3.

6.      Documents sufficient to identify all real property Held by You or Respondent.

7.      Documents sufficient to identify all other assets Held by You or Respondent.

8.      All Documents concerning any transactions between You or Respondent and any Bank, including but not limited to JS Bank Limited, JS Global Capital Limited, and JS Bank Bahrain (a.k.a. JS Bank Limited's "Wholesale Bahrain Branch").

9.      With respect to any assets Held by You or Respondent that are in the possession or custody of a third party or otherwise being Held for Your or Respondent's benefit, Documents sufficient to identify any person or entity holding or receiving such assets, including without limitation with respect to any assets that may be Held on the basis of completed or future professional services (*e.g.*, retainers) or an escrow, custody, or trust arrangement.

10.     Documents sufficient to identify any entity, trust, or agent of assets Held by You or Respondent have contributed to, control, manage, or have a right to control or manage in any capacity and in any respect, and any such Interest and the amounts and dates of any contributions.

11.     All Documents concerning any outstanding loans for which You or Respondent are the lender, borrower, or guarantor, including but not limited to information regarding the purpose of the loan, the amount of the loan and transactions done in connection therewith (including without limitation all borrowings, repayments, and interest charges), and all collateral that was used to secure the loan at any time.

12.    Documents sufficient to identify all investments or other equity or debt Interests or hybrids thereof Held by You or Respondent, including, but not limited to, investments, equity, and debt Interests in any companies, limited liability companies, partnerships, limited partnerships, real estate investment trusts, other investment trusts, and private equity investments.

13.    All Documents concerning any securities Held by You or Respondent, including but not limited to Your or Respondent's holdings of equity securities of TRG-I and TRG-P.

14.    All Documents concerning the prior, ongoing, future, planned or contemplated transfer of any equity securities in TRG-I or TRG-P Held by You or Respondent.

15.    All Documents concerning any authorizations given by You to Respondent concerning the prior, ongoing, future, planned, or contemplated transfer of any equity securities in TRG-I or TRG-P owned or controlled by You.

16.    All Documents concerning any efforts undertaken to date to remove any pledge, hypothecation or other encumbrance on any equity securities in TRG-I or TRG-P Held by You or Respondent.

17.    All Documents concerning the prior, ongoing, planned, or contemplated loans, investments, transfers of funds or assets or payments of any expenses, directly or indirectly by and between You and Respondent.

18.    All Communications with any affiliate or branch of JS Bank Limited, including but not limited to JS Bank Limited, JS Global Capital Limited, and JS Bank Bahrain, including but not limited to, Communications concerning any assertion of default by You or Respondent on any lending line, and any attempts by any affiliate or branch of JS Bank Limited,

including but not limited to JS Bank Limited, JS Global Capital Limited, and JS Bank Bahrain to collect on any such default.

19.    All Documents concerning Suit No. 56 of 2025, currently pending before the Banking Court No. V at Karachi in Pakistan, and Suit No. B-05 of 2025, currently pending before the High Court of Sindh, Karachi, Original Banking Jurisdiction in Pakistan, including without limitation all Communications concerning such lawsuit.

20.    All Documents concerning the payment of legal fees associated with the efforts of Nasser Mahmood, Abid Hussain, and Sign Source Limited to join the arbitration captioned *Muhammad Ziaullah Khan Chishti v. Mohammed Khaishgi et al.*, JAMS Ref. No. 5425000957.

21.    All Documents concerning the prior, ongoing, future, planned or contemplated loans, investments, transfers of funds or assets or payments of any expenses, directly or indirectly by and between You or Respondent and any other individual, including but not limited to each other, or any of Adam Chishti, Harry Chishti, Sadia Sarwar Khan Chishti, Yasir Zamir Ahmad, Rao Aziz, Ioannis Demetriades, Hasan Feroz, Abid Hussain, George Andrew Lear III, Nasser Mahmood, Nina F. Lear Markham, Noman Mubashir, Asad Nasir, Osman Ali Khan Niazi, Zeeshan Quereshi, Faisal Riaz, Ali Jehangir Siddiqui, and Muhammed Sohail.

22.    All Documents concerning the prior, ongoing, future, planned, or contemplated loans, investments, transfers of funds or assets or payment of any expenses, directly or indirectly by and between You or Respondent and any entities, including but not limited to Sarah Pobereskin Act 60 LLC, Sarah Pobereskin Investment LLC, Zia Chishti Act 60 LLC, Zia Chishti Investment LLC, and Redcourt LLC.

23.    All Documents concerning any property Held by You or Respondent, including but not limited to mortgage documents, property used as collateral for loans or other financial instruments, title documents, and lists of assets, equipment or facilities.

24.    All Documents concerning any payment, including but not limited to payment of any retainer, that You or Respondent have made, has been made on Your or Respondent's behalf or which You or Respondent are obligated to make to any provider of legal services in any jurisdiction, including, but not limited to, Aidala, Bertuna & Kamins P.C., Bawaney & Partners, Brown Rudnick LLP, Cozen O'Connor P.C., Ferraiuoli, LLC, Michaelmores LLP, Mujtaba Jamal Law Associates, Qaiser & Metlo Law Chambers, Ronald Sullivan Law, PLLC, Sarang Awais Shaikh, Sheppard Mullin, Richter & Hampton LLP, and Wakefield Quin Limited.

25.    All Documents concerning any payment by You or Respondent for the legal representation of any other person or any entity, including but not limited to the payment of any retainer on behalf of any other person or any entity, and any payment that You or Respondent have made or are obligated to make to any provider of legal services in any jurisdiction on behalf of any other person or any entity.

26.    All Documents concerning any liens asserted by any counsel with respect to proceedings in which such counsel represented You or Respondent.

27.    All Documents concerning any letter of credit extended to You or Respondent by any affiliate or branch of JS Bank Limited, including but not limited to JS Bank Limited, JS Global Capital Limited, and JS Bank Bahrain.

28.    All Documents concerning all commercial or standby letters of credit in which You or Respondent are listed as the applicant or beneficiary, or for which any of Your or

Respondent's assets are pledged, including but not limited to invoices and bills of lading related to the letter of credit.

29.    All Communications between You or Respondent and any accountant, financial advisor, wealth management professional, or other financial services professional, including but not limited to Gross Mendelsohn & Associates, and all Documents concerning such Communications or prepared by or provided to such persons.

30.    Your United States federal, state, territory and local and any foreign tax returns, including all schedules and attachments, for each of the past five years.  For the avoidance of doubt, this Request includes, but is not limited to, any and all tax returns filed by Sarah Pobereskin Act 60 LLC, Sarah Pobereskin Investment LLC, and any other limited liability corporations, trusts, or corporate entities Held by You.

31.    All Documents concerning any federal, state, territory and local and any foreign tax returns, including but not limited to all associated schedules and attachments, profit and loss statements, accounting ledgers, accounting statements, and proof of income.  For the avoidance of doubt, this Request includes, but is not limited to, any and all tax returns filed by Sarah Pobereskin Act 60 LLC, Sarah Pobereskin Investment LLC, and any other limited liability corporations, trusts, or corporate entities Held by You.

32.    All Documents concerning any liens or other encumbrances filed against You or Respondent or Your or Respondent's property.

33.    All Documents concerning any corporate entities Held by You and/or Respondent, including but not limited to Sarah Pobereskin Act 60 LLC, Sarah Pobereskin Investment LLC Zia Chishti Act 60 LLC, Zia Chishti Investment LLC, and Redcourt LLC.

34.    All Documents concerning any pre-nuptial or post-nuptial agreement regarding marital and/or individual property between You and Respondent.

35.    Documents sufficient to identify any trusts located in any jurisdiction in which You or Respondent has created, has an Interest, is a donor, is a principal, is a trustee, or with which You or Respondent is otherwise associated or has otherwise contributed to, as well as copies of all trust agreements or other Documents that identify Your Interest, the location of any trust assets, the amount and dates of any contributions and the value of each trust's assets. For the avoidance of doubt, this Request includes any trusts created by You or Respondent to benefit any members of Your immediate family, including without limitation the parents or children of You or Respondent.

36.    Documents sufficient to identify any insurance policies covering You or Respondent or of which You or Respondent are a subject or beneficiary, the scope of coverage of such policies (including any exclusions thereto), and the terms and limits of such policies.

37.    All Documents concerning any reimbursements, indemnities, compensation, loans, options, or other agreements relating to the transfer of currency or any property between You or Respondent and Isbei Ltd., or any of its affiliates, including but not limited to Isbei AI (Private) Ltd., Isbei (Hainan) Technology Co. Ltd., and Qinhe (Hainan) Intelligent Technology Ltd.

38.    All Documents concerning any transaction between You or Respondent, and Isbei Ltd., or any of its affiliates, including but not limited to Isbei AI (Private) Ltd., Isbei (Hainan) Technology Co. Ltd., and Qinhe (Hainan) Intelligent Technology Ltd.

39.    All Documents concerning any audit or any entity that has served as an auditor of Isbei Ltd. or any of its affiliates, including but not limited to Isbei AI (Private) Ltd., Isbei (Hainan) Technology Co. Ltd., and Qinhe (Hainan) Intelligent Technology Ltd.

40.    All Documents reflecting or concerning the financial statements of Isbei Ltd., or any of its affiliates, including but not limited to Isbei AI (Private) Ltd., Isbei (Hainan) Technology Co. Ltd., and Qinhe (Hainan) Intelligent Technology Ltd.

41.    All Documents concerning any other judgments, final, interlocutory or pending appeal, entered against You or Respondent in any forum, including without limitation any court, arbitral tribunal or administrative agency.

DATED:    September 15, 2025
          New York, New York

Jeffrey A. Rosenthal
Lisa Vicens
Mark E. McDonald
Katie L. Gonzalez
One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
jrosenthal@cgsh.com
memcdonald@cgsh.com
evicens@cgsh.com
kgonzalez@cgsh.com

*Attorneys for Petitioner*

# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE RESOURCE GROUP INTERNATIONAL LIMITED,<br><br>Petitioner,<br><br>v.<br><br>MUHAMMAD ZIAULLAH KHAN CHISHTI,<br><br>Respondent. | Civil Action No. 25-cv-1021 (JSR) |

**RESPONDENT MUHAMMAD ZIAULLAH KHAN CHISHTI'S
RESPONSES & OBJECTIONS TO PETITIONER'S
FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26, 34, and 69 of the Federal Rules of Civil Procedure, Respondent, Muhammad Ziaullah Khan Chishti ("Respondent" or "Mr. Chishti"), by and through undersigned counsel, submits these responses and objections to the requests for production of documents set forth in Petitioner The Resource Group International Limited's ("Petitioner") First Set of Requests for the Production of Documents, dated July 22, 2025, (the "Requests" or "RFPs").

**GENERAL OBJECTIONS**

1.      Mr. Chishti objects to the Requests to the extent that they seek to impose obligations greater than those authorized by the Federal Rules of Civil Procedure, the Local Rules of this District, and/or this Court's Individual Rules.

2.      Mr. Chishti objects to the Requests to the extent that they seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, spousal privilege, and/or any other applicable privilege or immunity. The inadvertent disclosure of any documents that are privileged, prepared in anticipation of litigation, or otherwise immune

-1-

from disclosure shall not constitute a waiver of any such privilege or of any grounds for objection

to disclosure with respect to such document, the subject matter of the document, or of Mr. Chishti's

right to object to the use of any such document during any subsequent proceeding in this action or

elsewhere.

3.      Mr. Chishti objects to the Requests to the extent that they seek information that is

not relevant, material or admissible; not reasonably calculated to lead to the discovery of relevant,

material, or admissible information; and/or disproportionate to the needs of the case considering

the importance of the issues at stake, the amount in controversy, the parties' relative access to

relevant information, the parties' resources, the importance of the discovery in resolving the issues,

and the burden or expense of the proposed discovery.

4.      Mr. Chishti objects to the Requests to the extent that they are overly broad, unduly

burdensome, vexatious, and oppressive or harassing.  Further, Mr. Chishti objects to the Requests'

use of the phrase "all" in requesting documents.  A request for "all" documents is overly broad,

unduly burdensome, inherently vague and imprecise, lacking in specificity, and cannot be

reasonably responded to.

5.      Mr. Chishti objects to the Requests to the extent that they are vague, ambiguous,

overly broad and/or fail to describe the documents sought with reasonable particularity.

6.      Mr. Chishti objects to the Requests to the extent they call for the production of

documents or information that are not reasonably accessible and would be unduly burdensome and

expensive to identify and/or produce.

7.      Mr. Chishti objects to the Requests, including the definitions and instructions

contained therein, to the extent they call for the disclosure of information not presently within its

knowledge or requires Mr. Chishti to seek information solely in the possession, custody, or control

of third parties. Mr. Chishti further objects to the Requests to the extent that they purport to require Mr. Chishti to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) from readily accessible sources (including electronic sources) where responsive information reasonably would be expected to be found.

8.    Mr. Chishti objects to the Requests to the extent that they seek disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Any documents containing or reflecting such information will only be produced pursuant to the terms of an agreed-upon confidentiality stipulation or protective order entered by the Court in this matter.

9.    Mr. Chishti objects to all Requests seeking information or documents regarding his Spouse, who is not a party to the Underlying Arbitration, as irrelevant, overbroad, unduly burdensome, and not within any party's possession, custody, or control.

10.    Mr. Chishti further objects to the Requests to the extent that they seek information which was already provided to Petitioner in the Underlying Arbitration with Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846 ("Underlying Arbitration").

11.    Mr. Chishti's objections and any production of documents shall not constitute an admission of or waiver of any objection regarding the competency, relevancy, materiality, privileged nature, or admissibility of any of Petitioner's Requests, Mr. Chishti's responses thereto, or any documents or things Mr. Chishti agrees to produce or ultimately produces in response to the Requests or the content or subject matter of any of those documents or things. No incidental

or implied admissions of fact are intended by the responses herein or any subsequent production of documents.

12.     Mr. Chishti's failure to object to a Request on a particular ground shall not be construed as a waiver of the right of Mr. Chishti to object on that ground or any additional ground at any time.

13.     Mr. Chishti objects to the extent that the Requests violate the status quo order currently issued by the Supreme Court of Pakistan.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Mr. Chishti objects to the definitions of "Respondent," "Respondent's Spouse," and "You" as overbroad and unduly burdensome.

2.     Mr. Chishti objects to the time period specified in the Requests (January 1, 2021 to present) as overbroad, unduly burdensome, and not relevant, material or admissible; not reasonably calculated to lead to the discovery of relevant, material, or admissible information; and/or disproportionate to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery.  To the extent Mr. Chishti agrees to search for and produce responsive documents to a specific Request, he will only do so for the date range encompassing the dates between January 12, 2023 and July 22, 2025 (hereinafter "the Defined Time Period"), unless otherwise specified.

3.     Mr. Chishti objects to Instruction No. 3 as overbroad, unduly burdensome, and inconsistent with applicable law and Court rules.  To the extent Mr. Chishti agrees to search for and produce responsive documents to a specific Request, he will only do so for the Defined Time Period unless otherwise specified.

4.    Mr. Chishti objects to Instruction No. 7 as overbroad, unduly burdensome, seeking documents that are not within Mr. Chishti's possession, custody, or control and inconsistent with applicable law and Court rules.

5.    Mr. Chishti objects to Instruction No. 12 as overbroad, unduly burdensome, and inconsistent with applicable law and Court rules.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST NO. 1:**

All Documents sufficient to identify all Accounts held, by You, including but not limited to any such Accounts that have been closed in the last five years.

**RESPONSE TO REQUEST NO. 1:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. In addition to the foregoing General Objections, Mr. Chishti further objects to this Request No. 1 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "Your" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control, as such requests are overbroad and unduly

burdensome.  Mr. Chishti will only search for responsive Documents within his own possession, custody, or control.  Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner including, but not limited to the following documents produced in the Underlying Arbitration: Chishti_010866, Chishti_010872, Chishti_010875,    Chishti_010878,    Chishti_010882    Chishti_010889,    Chishti_010893, Chishti_010892,    Chishti_010894,    Chishti_010911,    Chishti_010912,    Chishti_010897, Chishti_010900, Chishti_010901, and Chishti_010904.

Subject to and without waiving his General and Specific objections, Mr. Chishti will produce responsive, non-privileged documents falling within the Defined Time Period in his possession, custody, or control concerning active accounts for which he is the sole owner, including any business accounts for which he is the sole owner. For the avoidance of doubt, Mr. Chishti has not closed any checking or savings accounts between January 1, 2021 and this date.

**REQUEST NO. 2:**

Documents sufficient to identify the current balance, currency, and as-of date for each Account identified in response to Request No. 1.

**RESPONSE TO REQUEST NO. 2:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. In addition to the foregoing General Objections, Mr. Chishti further objects to this Request No. 2 on the grounds that it is unduly burdensome and overly broad in scope.  Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your,"

which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding.    Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control as such requests are overbroad and unduly burdensome.  Mr. Chishti will only search for responsive Documents within his own possession, custody, or control.  Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner.

Subject to and without waiving his General and Specific objections, Mr. Chishti will produce responsive, non-privileged documents falling within the Defined Time Period in his possession, custody, or control sufficient to identify the current balance, currency, and as-of date for each of the accounts he identifies in response to Request No. 1 concerning accounts for which he is the sole owner; personal banking or equity trading accounts for which he is the sole owner; and business accounts for which he is the sole owner.

**REQUEST NO. 3:**

Documents sufficient to identify all transactions since January 1, 2021 for each Account identified in response to Request No. 1.

**RESPONSE TO REQUEST NO. 3:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the

request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control as such requests are overbroad and unduly burdensome. Mr. Chishti will only search for responsive Documents within his own possession, custody, or control. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner.

Subject to and without waiving his General and Specific objections, Mr. Chishti will produce responsive, non-privileged documents falling within the Defined Time Period in his possession, custody, or control sufficient to identify relevant transactions for each of the accounts he identifies in response to Request No. 1 concerning accounts for which he is the sole owner; personal banking or equity trading accounts for which he is the sole; and business accounts for which he is the sole owner.

**REQUEST NO. 4:**

Documents sufficient to identify all real property Held by You.

**RESPONSE TO REQUEST NO. 4:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. In addition to the foregoing

General Objections, Mr. Chishti further objects to this Request No. 4 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control as such requests are irrelevant, overbroad, and unduly burdensome. Mr. Chishti will only search for responsive Documents within his own possession, custody, or control. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner.

Subject to and without waiving his General and Specific objections, Mr. Chishti will produce responsive, non-privileged documents in his possession, custody, or control sufficient to identify all real property held solely by Mr. Chishti or held by a business or corporation that is solely owned by Mr. Chishti.

**REQUEST NO. 5:**

Documents sufficient to identify all other assets Held by You.

**RESPONSE TO REQUEST NO. 5:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objections to

Request No. 5 on that grounds that it is unduly burdensome, overly broad in scope, vague, ambiguous, and unclear in that it purports to seek identification of all of Mr. Chishti's property, real or personal, without limitation or definition. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not produce Documents responsive to this Request, but is willing to meet and confer regarding the same.

**REQUEST NO. 6:**

All Documents reflecting or concerning any valuation, including but not limited to any valuation conducted by Sardar Enterprises, of any asset or property Held by You, including but not limited to certain parcels located at various locations in and around Lahore, Pakistan.

**RESPONSE TO REQUEST NO. 6:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to Request No. 6 on the grounds that it is unduly burdensome, overly broad in scope, vague, ambiguous, and unclear in that Petitioner does not explain the terms "valuation" or "asset" and otherwise purports to seek "any" valuation of "any" of Mr. Chishti's property, real or personal, without limitation or definition. Mr. Chishti further objects to the request to the extent it purports

to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner.

Subject to and without waiving his General and Specific objections, Mr. Chishti will produce responsive, non-privileged documents in his possession, custody, or control reflecting formal valuations of assets or real property held solely by Mr. Chishti, , or held by a business or corporation that is solely owned by Mr. Chishti.

**REQUEST NO. 7:**

All Documents concerning any transactions between You and any Bank, including but not limited to JS Bank Limited, JS Global Capital Limited, and JS Bank Bahrain (a.k.a. JS Bank Limited's "Wholesale Bahrain Branch").

**RESPONSE TO REQUEST NO. 7:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to Request No. 7 on that grounds that it is unduly burdensome, overly broad in scope, vague, ambiguous, and unclear in that it purports to seek every document and communication ever exchanged between Mr. Chishti and "any" bank without limitation. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome.

Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner and identifies, by way of example only, the following

documents that have already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846.

On the basis of his foregoing Specific and General Objections, Mr. Chishti will not produce any additional Documents responsive to this Request but is willing to meet and confer regarding the same.

## REQUEST NO. 8:

With respect to any assets Held by You that are in the possession or custody of a third party or otherwise being Held for Your benefit, Documents sufficient to identify any person or entity holding or receiving such assets, including without limitation with respect to any assets that may be Held on the basis of completed or future professional services *(e.g.,* retainers) or an escrow, custody, or trust arrangement.

## RESPONSE TO REQUEST NO. 8:

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to Request No. 8 on that grounds that it is unduly burdensome, overly broad in scope, vague, ambiguous, and unclear in that Petitioner does not explain the terms "asset" or "completed or future professional services." Mr. Chishti further objects to this Request on the grounds that it is confusing and/or requires Mr. Chishti to engage in conjecture or speculation as to the information requested. Mr. Chishti further objects to this Request to the extent it is seeking documents that are already in the possession, custody, or control of Petitioner. Mr. Chishti further objects to the

request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome, and otherwise seek material that is irrelevant. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request but is willing to meet and confer regarding the same.

**REQUEST NO. 9:**

Documents sufficient to identify any entity, trust, or agent of assets Held by You, have contributed to, control, manage, or have a right to control or manage in any capacity and in any respect, and any such Interest and the amounts and dates of any contributions.

**RESPONSE TO REQUEST NO. 9:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to Request No. 9 on that grounds that it is unduly burdensome, overly broad in scope, vague, ambiguous, and unclear in that Petitioner does not explain the terms "asset" or "agent of assets", nor does the request clearly define the information Petitioner ultimately seeks. Accordingly, Mr. Chishti further objects to this Request on the grounds that it is confusing and/or requires Mr. Chishti to engage in conjecture or speculation as to the information requested. Mr. Chishti further objects to this Request to the extent it is seeking documents that are already in the possession, custody, or control of Petitioner. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are

overly broad, vague, ambiguous, and unduly burdensome, and otherwise seek material that is irrelevant.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control limited to documents sufficient to identify any trust (together with the identity of any trustees) holding Mr. Chishti's personal or real property and any banking accounts related to the same.

**REQUEST NO. 10:**

All Documents concerning any outstanding loans for which You are the lender, borrower, or guarantor, including but not limited to information regarding the purpose of the loan, the amount of the loan and transactions done in connection therewith (including without limitation all borrowings, repayments, and interest charges), and all collateral that was used to secure the loan at any time.

**RESPONSE TO REQUEST NO. 10:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 10 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it

purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding.   Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control as such requests are overbroad and unduly burdensome. Mr. Chishti will only search for responsive Documents within his own possession, custody, or control. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control concerning any outstanding loans for which Mr. Chishti is the lender, borrower, or guarantor, and will produce documents sufficient to identify the current amount of the loan, the bank or facility holding/facilitating the loan, and any collateral currently encumbered by the loan.

**REQUEST NO. 11:**

Documents sufficient to identify all investments or other equity or debt Interests or hybrids thereof Held by You, including, but not limited to, investments, equity, and debt Interests in any companies, limited liability companies, partnerships, limited

partnerships, real estate investment trusts, other investment trusts, and private equity investments.

**RESPONSE TO REQUEST NO. 11:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 11 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request on the grounds that it is confusing and/or requires Mr. Chishti to engage in conjecture or speculation as to the information requested. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control, as such requests are overbroad and unduly burdensome. Mr. Chishti will only search for responsive Documents within his own possession, custody, or control. Mr. Chishti further objects to this Request as seeking documents that are already in the possession,

custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control sufficient to identify his current investments or other equity or debt interests held solely by Mr. Chishti, or held by a business or corporation that is solely owned by Mr. Chishti.

**REQUEST NO. 12:**

All Documents concerning any securities Held by You, including but not limited to Your holdings of equity securities of TRG-I and TRG-P.

**RESPONSE TO REQUEST NO. 12:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 12 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to

the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. . Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control, as such requests are overbroad and unduly burdensome. Mr. Chishti will only search for responsive Documents within his own possession, custody, or control. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846. Mr. Chishti further objects to this request as it would require Mr. Chishti to provide documents and information that is already within Petitioner's possession, custody, or control. Moreover, Mr. Chishti's ownership of his shares in TRG-I and TRG-P were extensively litigated in the subject Arbitration proceeding, and all relevant documents and communications concerning Mr. Chishti's ownership of, and any pledges related thereto, were produced in the Arbitration and will not be duplicated here. Mr. Chishti further notes that all aggregate changes in position of holdings in TRG-P shares are publicly disclosed to both TRG-P and to the Securities and Exchange Commission of Pakistan. Further, both TRG-P and TRG-I maintain overall share registers that accurately portray the equity shareholdings of Mr. Chishti and his immediate family members. TRG-I has access to this information to the same extent as Mr. Chishti.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and produce responsive, non-privileged documents in his

possession, custody, or control sufficient to identify any securities held by Mr. Chishti other than his shares in TRG-I and TRG-P.

**REQUEST NO. 13:**

All Documents concerning the prior, ongoing, planned or contemplated transfer of any equity securities in TRG-I or TRG-P Held by You or Sarah Jennifer Pobereskin.

**RESPONSE TO REQUEST NO. 13:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 13 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding.  Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control, as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Request as seeking documents that are already in

the possession, custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846. Mr. Chishti further objects to this request as it would require Mr. Chishti to provide documents and information that is already within Petitioner's possession, custody, or control. Moreover, Mr. Chishti's ownership, pledge, and/or transfer of his shares in TRG-I and TRG-P were extensively litigated in the subject Arbitration proceeding and documents and communications concerning Mr. Chishti's ownership of, and any pledge/transfer related thereto, were produced in the arbitration, and will not be duplicated here. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request but is willing to meet and confer regarding the same.

**REQUEST NO. 14:**

All Documents concerning any efforts undertaken to date to remove any pledge, hypothecation or other encumbrance on any equity securities in TRG-I or TRG-P Held by You or Sarah Jennifer Pobereskin.

**RESPONSE TO REQUEST NO. 14:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Request No. 14 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti

further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control as such requests are overbroad and unduly burdensome. Mr. Chishti will only search for responsive Documents within his own possession, custody, or control. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846, and would require Mr. Chishti to provide documents and information that are already within Petitioner's possession, custody, or control as a result of their active participation in litigation regarding the same, including its active litigation both here in the United States and in Pakistan. Moreover, Mr. Chishti's ownership of his shares in TRG-I and TRG-P were extensively litigated in the subject Arbitration proceeding and all relevant documents and communications concerning Mr. Chishti's ownership of, and any pledges related thereto, were produced in the Arbitration and will not be duplicated here. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request.

**REQUEST NO. 15:**

All Documents concerning the prior, ongoing, planned, or contemplated loans,

investments, transfers of funds or assets or payments of any expenses, directly or indirectly by and between You and Sarah Jennifer Pobereskin.

**RESPONSE TO REQUEST NO. 15:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held," "account," and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846. Mr. Chishti further objects to this Request on the basis that it is duplicative and redundant of other Requests, including but not limited to, Request Nos. 1-3, and 10, which seek, amongst other things, documents concerning Mr. Chishti's banking accounts, related transactions, and any loans for which he is the lender, borrower, or guarantor. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request.

**REQUEST NO. 16:**

All Communications with any affiliate or branch of JS Bank Limited, including

but not limited to JS Bank Limited, JS Global Capital Limited, and JS Bank Bahrain, including but not limited to Communications concerning any assertion of default by You on any lending line, and any attempts by any affiliate or branch of JS Bank Limited, including but not limited to JS Bank Limited, JS Global Capital Limited, and JS Bank Bahrain to collect on any such default.

**RESPONSE TO REQUEST NO. 16:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Request No. 16 on the grounds that it is unduly burdensome and overly broad in scope, vague, and ambiguous, and to the extent that the Request seeks the production of documents from persons that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents, which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846. Mr. Chishti further objects to this Request on the basis that it is duplicative and redundant of other Requests, including but not limited to, Request Nos. 1-3, and 10, which seek, amongst other things, documents concerning Mr. Chishti's banking accounts, related transactions, and any loans for

which he is the lender, borrower, or guarantor. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request.

**REQUEST NO. 17:**

All Documents concerning Suit No. 56 of 2025, currently pending before the Banking Court No. V at Karachi in Pakistan, and Suit No. B-05 of 2025, currently pending before the High Court of Sindh, Karachi, Original Banking Jurisdiction in Pakistan, including without limitation all Communications concerning such lawsuit.

**RESPONSE TO REQUEST NO. 17:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents, which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and produce responsive, non-privileged publicly filed documents, which are in his possession, custody, or control.

**REQUEST NO. 18:**

All Documents concerning the payment of legal fees associated with the efforts of Nasser Mahmood, Abid Hussain, and Sign Source Limited to join the arbitration captioned *Muhammad Ziaullah Khan Chishti v. Mohammed Khaishgi et al.,* JAMS Ref. No. 5425000957.

**RESPONSE TO REQUEST NO. 18:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Request No. 18 on the grounds that it is unduly burdensome and overly broad in scope, vague and ambiguous, and to the extent that the Request seeks the production of documents concerning persons that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request.

**REQUEST NO. 19:**

All Documents concerning the prior, ongoing, planned or contemplated loans, investments, transfers of funds or assets or payments of any expenses, directly or indirectly by and between You and any other individual, including but not limited to Adam Chishti, Harry Chishti, Sadia Sarwar Khan Chishti, Yasir Zamir Ahmad, Rao Aziz, Ioannis Demetriades, Hasan Feroz, Abid Hussain, George Andrew Lear III, Nasser Mahmood, Nina F. Lear Markham, Noman Mubashir, Asad Nasir, Osman Ali Khan Niazi, Zeeshan Quereshi, Faisal Riaz, Ali Jehangir Siddiqui, and Muhammed Sohail.

**RESPONSE TO REQUEST NO. 19:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 19 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request on the grounds that this Request is irrelevant, overly broad, unduly burdensome, and vague as to what constitutes "prior, ongoing, planned or contemplated loans, investments, transfers of funds or assets or payments of any expenses." Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request but is willing to meet and confer regarding the same.

**REQUEST NO. 20:**

All Documents concerning the prior, ongoing, planned, or contemplated loans,

investments, transfers of funds or assets or payment of any expenses, directly or indirectly by and between You and any entities, including but not limited to Zia Chishti Act 60 LLC, Zia Chishti Investment LLC, Redcourt LLC, Sarah Pobereskin Act 60 LLC, and Sarah Pobereskin Investment LLC.

**RESPONSE TO REQUEST NO. 20:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 20 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request on the grounds that this Request is irrelevant, overly broad, unduly burdensome, and vague as to what constitutes "prior, ongoing, planned or contemplated loans, investments, transfers of funds or assets or payments of any expenses." Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control, as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Request as requiring the production of irrelevant or non-existent documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Request on the basis that it is duplicative and redundant of other Requests, including but not limited to, Request Nos.

1-3, and 10, which seek, amongst other things, documents concerning Mr. Chishti's banking accounts, related transactions, and any loans for which he is the lender, borrower, or guarantor. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request beyond those which he has already agreed to search for and produce.

**REQUEST NO. 21:**

All Documents concerning any property Held by You, including but not limited to mortgage documents, property used as collateral for loans or other financial instruments, title documents, and lists of assets, equipment or facilities.

**RESPONSE TO REQUEST NO. 21:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 21 on the grounds that it is unduly burdensome and overly broad in scope in that it purports to seek every document concerning "any property" Mr. Chishti owns without limitation. Mr. Chishti further objects to the request on the grounds that this Request is irrelevant, overly broad, unduly burdensome, and vague as to what constitutes "all documents" concerning "any property" which is entirely unreasonable. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or

control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and produce responsive, non-privileged documents which are in his possession, custody, or control and concern title or ownership documents of his real property, any of his property used as collateral for loans, and any already existing lists of assets, equipment, or facilities. To the extent this Request is duplicative and redundant of other Requests, including but not limited to, Request Nos. 1-3, and 10, which seek, amongst other things, documents concerning Mr. Chishti's banking accounts, related transactions, and any loans for which he is the lender, borrower, or guarantor, Mr. Chishti objects and will not search for or produce any documents responsive to this Request beyond those which he has already agreed to search for and produce.

**REQUEST NO. 22:**

All Documents concerning any payment, including but not limited to payment of any retainer, that You have made, has been made on Your behalf or which You are obligated to make to any provider of legal services in any jurisdiction, including, but not limited to, Aidala, Bertuna & Kam ins P.C., Bawaney & Partners, Brown Rudnick LLP, Cozen O'Connor P.C., Ferraiuoli, LLC, Michaelmores LLP, Mujtaba Jamal Law Associates, Qaiser & Metlo Law Chambers, Ronald Sullivan Law, PLLC, Sarang Awais Shaikh, Sheppard Mullin, Richter &

Hampton LLP, and Wakefield Quin Limited.

**RESPONSE TO REQUEST NO. 22:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Request No. 22 on the grounds that it is unduly burdensome and overly broad in scope, vague and ambiguous, and to the extent that the Request seeks the production of documents concerning persons that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request.

**REQUEST NO. 23:**

All Documents concerning any payment by You for the legal representation of any other person or any entity, including but not limited to the payment of any retainer on behalf of any other person or any entity, and any payment that You have made or are obligated to make to any provider of legal services in any jurisdiction on behalf of any other person or any entity.

**RESPONSE TO REQUEST NO. 23:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal

privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Request No. 23 on the grounds that it is unduly burdensome and overly broad in scope, vague and ambiguous, and to the extent that the Request seeks the production of documents concerning persons that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request.

**REQUEST NO. 24:**

All Documents concerning any liens asserted by any counsel with respect to proceedings in which such counsel represented You.

**RESPONSE TO REQUEST NO. 24:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definition of "You" or "Your", which are overly broad, vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and produce responsive, non-privileged documents which are in his possession, custody, or control.

**REQUEST NO. 25:**

All Documents concerning any letter of credit extended to You by any affiliate or branch of JS Bank Limited, including but not limited to JS Bank Limited, JS Global Capital Limited, and JS Bank Bahrain.

**RESPONSE TO REQUEST NO. 25:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 25 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to this Request on the basis that it is duplicative and redundant of other Requests, including but not limited to, Request Nos. 1-3, and 10, which seek, amongst other things, documents concerning Mr. Chishti's banking accounts, related transactions, and any loans for which he is the lender, borrower, or guarantor. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request beyond those which he has already agreed to search for and produce.

**REQUEST NO. 26:**

All Documents concerning all commercial or standby letters of credit in which You are listed as the applicant or beneficiary or for which any of Your assets are pledged, including

but not limited to invoices and bills of lading related to the letter of credit.

**RESPONSE TO REQUEST NO. 26:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 26 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to this Request on the basis that it is duplicative and redundant of other Requests, including but not limited to, Request Nos. 1-3, and 10, which seek, amongst other things, documents concerning Mr. Chishti's banking accounts, related transactions, and any loans for which he is the lender, borrower, or guarantor. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request beyond those which he has already agreed to search for and produce.

**REQUEST NO. 27:**

All Communications between You and any accountant, financial advisor, wealth management professional, or other financial services professional, including but not limited to Gross Mendelsohn & Associates, and all Documents concerning such Communications or prepared by or provided to such persons.

**RESPONSE TO REQUEST NO. 27:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 27 on the grounds that it is unduly burdensome and overly broad in scope in that it purports to request the production of every document and communication Mr. Chishti has had with "any accountant, financial advisor, wealth management professional, or other financial services professional" without limitation or scope and otherwise fails to define the same. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Request as seeking documents that are already in the

possession, custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request but is willing to meet and confer regarding the same.

**REQUEST NO. 28:**

All Documents reflecting or concerning any Communications or transactions with Mohammad Sohail.

**RESPONSE TO REQUEST NO. 28:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 28 on the grounds that it is unduly burdensome and overly broad in scope in that it seeks irrelevant information, and purports to request the production of every document and communication Mr. Chishti has had or exchanged

with Mr. Sohail.  Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control as such requests are overbroad and unduly burdensome.  Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request.

**REQUEST NO. 29:**

Documents sufficient to show the current location or disposition of any funds, securities, or other property that You received as a consequence of the Conditional Consent and Waiver executed by You, Pinebridge Global Emerging Markets Partners II, L.P., and Redcourt LLC, including but not limited to the location of equity securities obtained as a consequence of that agreement and the location of the proceeds of the disposition of any such equity securities obtained as a consequence of that agreement.

**RESPONSE TO REQUEST NO. 29:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade

secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 29 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

Mr. Chishti further objects to this Request on the basis that it is duplicative and redundant of other Requests, including but not limited to, Request Nos. 1-3, and 10, which seek, amongst other things, documents concerning Mr. Chishti's banking accounts, related transactions, and any loans for which he is the lender, borrower, or guarantor. On the basis of his foregoing Specific

and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request beyond those which he has already agreed to search for and produce.

**REQUEST NO. 30:**

All Documents concerning the settlement agreement into which You entered with Telegraph Media Group Limited and/or any of its affiliates with respect to certain articles published in *The Daily Telegraph,* including but not limited to all Documents concerning the "substantial sum" that *The Daily Telegraph* announced it had paid You in its March 17, 2025 apology, as well as all Documents concerning the "contribution to [Your] legal costs" that *The Daily Telegraph* announced it had paid You in its March 17, 2025 apology.

**RESPONSE TO REQUEST NO. 30:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 30 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "Your" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti

-38-

further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

Mr. Chishti further objects to this Request on the basis that it is duplicative and redundant of other Requests, including but not limited to, Request Nos. 1-3, and 10, which seek, amongst other things, documents concerning Mr. Chishti's banking accounts, related transactions, and any loans for which he is the lender, borrower, or guarantor. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request beyond those which he has already agreed to search for and produce.

**REQUEST NO. 31:**

Your United States federal, state, territory and local and any foreign tax returns, including all schedules and attachments, for each of the past five years. For the avoidance of doubt, this Request includes, but is not limited to, any and all tax returns filed by Zia Chishti Act 60 LLC, Zia Chishti Investment LLC, Redcourt LLC, and any other limited liability corporations, trusts, or corporate entities Held by You.

**RESPONSE TO REQUEST NO. 31:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Request No. 31 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents

from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

Subject to and without waiving his General and Specific objections, Mr. Chishti will produce responsive, non-privileged documents falling within the Defined Time Period in his possession, custody, or control concerning federal, state, territory and local and any foreign tax returns for himself and for those entities for which he is the sole owner.

**REQUEST NO. 32:**

All Documents concerning any federal, state, territory and local and any foreign tax returns, including but not limited to all associated schedules and attachments, profit and loss statements, accounting ledgers, accounting statements, and proof of income. For the avoidance of doubt, this Request includes, but is not limited to, any and all tax returns filed by Zia Chishti Act 60 LLC, Zia Chishti Investment LLC, Redcourt LLC, and any other limited liability corporations, trusts, or corporate entities Held by You.

**RESPONSE TO REQUEST NO. 32:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Request No. 31 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "held" and/or "You" or "Your," which are overly broad, vague, ambiguous, and unduly

burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding.  . Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

Subject to and without waiving his General and Specific objections, Mr. Chishti will produce responsive, non-privileged documents falling within the Defined Time Period in his possession, custody, or control concerning federal, state, territory and local and any foreign tax returns for himself and for those entities for which he is the sole owner.

**REQUEST NO. 33:**

All Documents concerning any liens or other encumbrances filed against You or Your property, including but not limited to any federal tax lien filed by the Internal Revenue Service to which Your property is subject.

**RESPONSE TO REQUEST NO. 33:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Request No. 33 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents

-41-

from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control concerning liens or other encumbrances filed against him, his property or against those entities for which he is the sole owner.

**REQUEST NO. 34:**

All Documents concerning any corporate entities held by you and/or Sarah Jennifer Pobereskin, including but not limited to Zia Chishti Act 60 LLC, Zia Chishti Investment LLC, Redcourt LLC, Sarah Pobereskin Act 60 LLC, and Sarah Pobereskin Investment LLC.

**RESPONSE TO REQUEST NO. 34:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 34 on the grounds that it is unduly burdensome, vague, and overly broad in scope in that it purports to request the production of every document "concerning" any corporate entity held by either Mr. Chishti and/or Ms. Sarah Pobereskin – a non-party. Mr. Chishti further objects to the request to the extent it purports to

incorporate Petitioner's definitions of "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and will produce responsive, non-privileged documents in his possession, custody, or control sufficient to identify the corporate ownership and financial status of corporate entities held solely by Mr. Chishti, or held by any entities for which Mr. Chishti is the sole owner.

**REQUEST NO. 35:**

All Documents concerning any pre-nuptial or post-nuptial agreement regarding marital and/or individual property between You and Sarah Jennifer Pobereskin.

**RESPONSE TO REQUEST NO. 35:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Request No. 35 on the grounds that it is unduly burdensome and overly broad in scope in that it seeks irrelevant information as it purports to request the production of every document "concerning any pre-nuptial or post-nuptial agreement." Mr. Chishti further objects to this Request as seeking documents that are already in the possession, custody, or control of Petitioner or which have otherwise already been produced to Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and will produce non-privileged copies of any executed pre-nuptial or post-nuptial agreement between him and Ms. Pobereskin that are in his possession, custody, or control.

**REQUEST NO. 36:**

Documents sufficient to identify any trusts located in any jurisdiction in which You or Sarah Jennifer Pobereskin have created, has an Interest, is a donor, is a principal, is a trustee, or with which You or Sarah Jennifer Pobereskin is otherwise associated or have otherwise contributed to, as well as copies of all trust agreements or other Documents that identify Your Interest, the location of any trust assets, the amount and dates of any contributions and the value of each trust's assets. For the avoidance of doubt, this Request includes any trusts created by You or Sarah Jennifer Pobereskin to benefit any members of Your immediate family, including without limitation the parents or children of You or Sarah Jennifer Pobereskin.

**RESPONSE TO REQUEST NO. 36:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. In addition to the foregoing General Objections, Mr. Chishti further objects to this Request No. 36 on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control. Mr. Chishti further objects to this Request on the basis that it is duplicative and redundant of other Requests, including but not limited to, Request Nos. 1-3, and 9, which seek, amongst other things, documents concerning Mr. Chishti's banking accounts, related transactions, and trust accounts, and for which Mr. Chishti agreed to conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control limited to documents sufficient to identify any trust (together with the identity of any trustees) holding Mr. Chishti's personal or real property and any banking accounts related to the same. On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request beyond those which he has already agreed to search for and produce.

**REQUEST NO. 37:**

Documents sufficient to identify any insurance policies covering You or of which You are a subject or beneficiary, the scope of coverage of such policies (including any exclusions thereto), and the terms and limits of such policies.

**RESPONSE TO REQUEST NO. 37:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and will produce non-privileged documents that are in his possession, custody, or control sufficient to identify insurance policies covering Mr. Chishti or of which he is a beneficiary.

**REQUEST NO. 38:**

All Documents concerning the repudiation, payment, or non-payment of the judgment in this Action, the Final Award, or any other action to enforce the Final

Award.

## RESPONSE TO REQUEST NO. 38:

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to Request No. 38 on that grounds that it is unduly burdensome, overly broad in scope, vague, ambiguous, and unclear in that Petitioner does not explain what it is seeking through its purported request for "all documents" concerning the "repudiation, payment, or non-payment of the judgment in this Action." Accordingly, Mr. Chishti further objects to this Request on the grounds that it is confusing and/or requires Mr. Chishti to engage in conjecture or speculation as to the information requested. Mr. Chishti further objects to this Request to the extent it is seeking documents that are already in the possession, custody, or control of Petitioner, or that have already been provided to or exchanged with Petitioner in light of the ongoing litigation between Mr. Chishti and Petitioner concerning the parties' dueling motions to vacate/confirm the Final Award in the above-entitled case, the substance of which would appear to fall within this overly broad and amorphous request.

On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request but is willing to meet and confer regarding the same.

## REQUEST NO. 39:

All Documents concerning any reimbursements, indemnities, compensation, loans, options, or other agreements relating to the transfer of currency or any property

between You and Isbei Ltd., or any of its affiliates, including but not limited to Isbei AI (Private) Ltd., Isbei (Hainan) Technology Co. Ltd., and Qinhe (Hainan) Intelligent Technology Ltd.

**RESPONSE TO REQUEST NO. 39:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request No. 39 on the grounds that it is unduly burdensome, vague, and overly broad in scope in that it purports to request the production of every document concerning "any" transaction with Isbei Ltd. or any of its purported affiliates. Mr. Chishti further objects to Request No. 39 on that grounds that it is vague, ambiguous, and unclear in that Petitioner does not explain the terms "reimbursements, indemnities, compensation loans," and otherwise objects on the grounds that the Request is confusing and/or requires Mr. Chishti to engage in conjecture or speculation as to the information requested. Mr. Chishti further objects to this Request to the extent Petitioner has failed

to restrict its requests to relevant persons or entities and/or seeks documents that are not within his possession, custody, or control.  Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request but is willing to meet and confer regarding the same.

**REQUEST NO. 40:**

All Documents concerning any transaction between You or Sarah Jennifer Pobereskin, and Isbei Ltd., or any of its affiliates, including but not limited to Isbei AI (Private) Ltd., Isbei (Hainan) Technology Co. Ltd., and Qinhe (Hainan) Intelligent Technology Ltd.

**RESPONSE TO REQUEST NO. 40:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information.  Mr. Chishti further objects to this Request No. 40 on the grounds that it is unduly burdensome, vague, and overly broad in scope in that it purports to request the production of every document concerning "any" transaction with Isbei Ltd. or any of its purported affiliates.  Mr.

Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request on that grounds that it is vague, ambiguous, and unclear in that Petitioner does not explain the terms "reimbursements, indemnities, compensation loans," and otherwise objects on the grounds that the Request is confusing and/or requires Mr. Chishti to engage in conjecture or speculation as to the information requested. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities and/or seeks documents that are not within his possession, custody, or control. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request but is willing to meet and confer regarding the same.

**REQUEST NO. 41:**

All Documents concerning any audit or any entity that has served as an auditor of Isbei Ltd. or any of its affiliates, including but not limited to Isbei AI (Private) Ltd., Isbei (Hainan) Technology Co. Ltd., and Oinhe (Hainan) Intelligent Technology Ltd.

**RESPONSE TO REQUEST NO. 41:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti objects to the Request to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Request No. 41 on the grounds that it is unduly burdensome, vague, and overly broad in scope in that it purports to request the production of every document concerning "any" transaction with Isbei Ltd. or any of its purported affiliates. Mr. Chishti further objects to this Request on that grounds that it is vague, ambiguous, overly broad, and unclear in that Petitioner seeks the production of "any audit" without limitation. Mr. Chishti further objects on the grounds that the Request requires Mr. Chishti to engage in conjecture or speculation as to the information requested. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities and/or seeks documents that are not within his possession, custody, or control. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

On the basis of his foregoing Specific and General Objections, Mr. Chishti will not search for or produce any documents responsive to this Request but is willing to meet and confer regarding the same.

**REQUEST NO. 42:**

All Documents concerning any other judgments, final, interlocutory or pending appeal, entered against You in any forum, including without limitation any court, arbitral tribunal or administrative agency.

**RESPONSE TO REQUEST NO. 42:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the request to the extent it purports to incorporate Petitioner's definitions of "You" or "Your," which are overly broad, vague, ambiguous, and unduly burdensome. Mr. Chishti also objects to the extent that the inclusion of these definitions seeks the production of documents from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Request on that grounds that it is vague, ambiguous, overly broad, and unclear and otherwise requires Mr. Chishti to engage in conjecture or speculation as to the information requested. Mr. Chishti further objects to this Request to the extent Petitioner has failed to restrict its requests to relevant persons or entities and/or seeks documents that are not within his possession, custody, or control. Mr. Chishti further objects to this Request as requiring the production of irrelevant documents which serve no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti.

Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and will produce non-privileged documents that are in his possession, custody, or control concerning any judgments entered against him.

**REQUEST NO. 43:**

To the extent not otherwise requested, all Documents identified in Your responses to Petitioner The Resource Group International Limited 's First Set of Interrogatories to Respondent Muhammad Ziaullah Khan Chishti, consulted in connection with the

preparation of such responses, or containing the information described in such responses.

**RESPONSE TO REQUEST NO. 43:**

     Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure.

     Subject to and without waiving his General and Specific objections, Mr. Chishti will conduct a reasonable search for and will produce responsive, non-privileged documents that are in his possession, custody, or control relevant to this Request.

Dated:  August 21, 2025      Respectfully submitted,

      */s/ Benjamin G. Chew*
      Benjamin G. Chew (*pro hac vice*)
      SHEPPARD MULLIN RICHTER & HAMPTON LLP
      2099 Pennsylvania Ave., NW, Ste. 100
      Washington, DC 20006
      Telephone/Fax: 202-747-1862 / 202-747-1901
      Email: bchew@sheppardmullin.com

Attachment C

**Sheppard**Mullin

Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
202.747.1900 main
202.747.1901 fax
www.sheppardmullin.com

September 15, 2025

**VIA ECF**

Honorable Jed S. Rakoff, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:    _The Resource Group International Limited, et al. v. Chishti_, No. 25-cv-1021

Dear Judge Rakoff:

Pursuant to the Court's September 11, 2025 directive, Respondent respectfully submits his three-page letter brief in response to Petitioner's First Set of Requests for Production of Documents and Interrogatories to Respondent, and Petitioner's September 12, 2025, letter motion regarding the same.

We thank the Court for its attention to this matter.


Warm regards,

/s/ Benjamin G. Chew

Benjamin G. Chew
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Honorable Jed S. Rakoff, U.S.D.J.
September 15, 2025
Page 1

"'The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment.'" *La Suisse, Societe d'Assurances Sur La Vie v. Kraus*, 62 F.Supp.3d 358, 361 (S.D.N.Y. Dec. 1, 2014) (quoting *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012) (additional citations omitted)). Petitioner's post-judgment discovery is not unlimited and must "'not be allowed to become a means of harassment of the debtor or third persons.'" *ITOCHU Intern., Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (quoting *Caisson Corp. v. Cnty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D.Pa.1974)). This Court has broad discretion to limit discovery to that which is proportionate and necessary. *See Motorola Credit Corp. v. Uzan*, 293 F.R.D. 595, 598 (S.D.N.Y. 2013). Mr. Chishti has agreed to produce a substantial volume of relevant documents, and Petitioner's remaining requests are designed to harass Mr. Chishti or otherwise gain advantage in the other active litigations between the parties.[1]

First, Mr. Chishti has already disclosed to Petitioner eight banking accounts, including their names, addresses, account numbers, and balances – two of which concern companies Redcourt LLC and Isbei AI (Private) Ltd. *See* Ex. A, Resp. ROG Responses 1-3; Ex. B, Sep. 5, 2025 Letter at 3. Respondent has agreed to produce bank transaction records for these accounts from January 12, 2023 through the present. *Id.* As Petitioner concedes, Respondent has also agreed to produce the bank statements pertaining to the sole jointly owned bank account Respondent maintains with his spouse, Ms. Sarah Pobereskin. Pet. Mot. at 2 n.1. Furthermore, Mr. Chishti has agreed to produce his tax returns since 2022, as well as updated JS Bank account statements.

Second, Mr. Chishti has already, amongst other things: i) certified that he has not closed any checking or savings accounts between January 1, 2021 and the present (Doc. No. 64-7 at 6, Response to RFP 1); ii) disclosed twenty-three (23) properties he owns in Pakistan and has agreed to produce documents related to the same and further certified that he does not hold any real property in the United States or its Territories; iii) certified that none of his LLCs (Zia Chishti Act 60 LLC, Zia Chishti Investment LLC, or Redcourt LLC) own any real property in the United States or Pakistan; iv) verified that none of his assets are being held in trust by a trustee, that he is not a trustee for any trust, and that he is not aware of any agent, trustee, or entity (other than those disclosed in his discovery responses) who are holding Mr. Chishti's assets; v) verified that he does not maintain any insurance policies covering him or his spouse; vi) agreed to produce a list of his substantial personal assets, as well as documents concerning his current investments or other equity or debt interests; and vii) agreed to produce documents concerning any outstanding loans for which Mr. Chishti is the lender, borrower, or guarantor, and to produce documents sufficient to identify the current amount of the loan, the facilitator of the loan, and any collateral.

**The Relevant Time Period.** Respondent has agreed to produce extensive financial information spanning the last three years and beyond, including banking statements which will show each of the transactions made from Mr. Chishti's accounts, and his shared account with Ms. Pobereskin. Petitioner wants more, alleging a need for documents spanning from January 1, 2021 to the present,

---

[1] *See Afiniti, Ltd. et al. v. Chishti et al.*, Case No. 23-cv-00303 (D.D.C. 2023).

Honorable Jed S. Rakoff, U.S.D.J.
September 15, 2025
Page 2

so it can identify purportedly fraudulent transfers. Pet. Mot. at 3. But what Petitioner ignores is that Mr. Chishti had no reason to fraudulently transfer his assets at the time of the share repurchase. Petitioner sought only declaratory relief in the underlying arbitration, not monetary penalties, and was limited to examining whether Mr. Chishti could pledge and sell *his* TRG-P/TRG-I shares under the SPA. Petitioner's reliance on *Symons* is misplaced, as the court's ruling there supports *Respondent's* position. In *Symons*, the court explained that in granting the expansive discovery time period requested by the petitioner, it did so only because the petitioner "seeks information almost exclusively from those years during which this case was pending[,]" as that made it "more likely that any transfers or other disposition of [] assets were related to this case[.]" *Symons Int'l Grp., Inc. v. Cont'l Cas. Co.*, 2015 WL 4392933, at *4 (S.D. Ind. July 15, 2015). Here, at the earliest, this would be January 12, 2023, the date TRG-I commenced the underlying arbitration.

**Ms. Pobereskin's Documents.** Ms. Pobereskin is not a party to this action. "It is undisputed that Ms. Pobereskin [was] neither a Party to [the Arbitration] nor to the SPA." Final Award at 3 n.3. As a result, the arbitrator expressly determined that it had "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)[.]" *Id.* at 58 n.21. Petitioner continues to demand that *Respondent* produce *Ms. Pobereskin's* documents, simply because they are married. *See, e.g.*, Pet. Mot. at 2 ("We know that Respondent has access to these documents."). But Respondent may only be required to produce documents that are in his "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), and he only has "control over material that [he] has a legal right to obtain." *SEC v. Strauss*, 2009 WL 3459204, at *7 (S.D.N.Y. Oct. 28, 2009). The couple's marriage does not give Mr. Chishti unfettered rights to Ms. Pobereskin's separate property or business documents. This is precisely why the Arbitrator denied Petitioner's same requests in the underlying arbitration. *See* Final Award, Appendix A at 7-8 ("Finally, the Tribunal rejected Claimant's argument that the status of Ms. Pobereskin as Respondent's wife . . . is in and of itself sufficient for Tribunal to conclude that Respondent has control over their documents . . . ."). The arbitrator made no findings of ownership or that Chishti controls Pobereskin's property, nor could he. The arbitrator's examination was instead limited to whether Ms. Pobereskin's TRG-P shares could be considered beneficially owned, and thus restricted, pursuant to the terms of the SPA. Finally, Petitioner cannot compel the production of confidential communications made between Mr. Chishti and Ms. Pobereskin during the marriage. *See Atlantic Richfield Co. v. Triad Petroleum, Inc.,* 113 F.R.D. 686, 687 (S.D.N.Y. 1987).

**RFP No. 27.** This Request seeks documents "exchanged with his accountants" and should be denied as overly broad, unduly burdensome, and duplicative in light of the documents Mr. Chishti has already agreed to produce, including bank transaction statements.

**RFP No. 13.** This is a request for Mr. Chishti's "planned or contemplated" transfers of his TRG-P and TRG-I shares. The transfer of these shares is the subject of multiple active litigations in Pakistan and the underlying Arbitration for which there was extensive discovery. It is overly broad to seek documents going back four years about "contemplated" transfers of shares that did not even come to fruition and bears no relevance to the purpose of judgment discovery.

Honorable Jed S. Rakoff, U.S.D.J.
September 15, 2025
Page 3

**RFP No. 17.**   Petitioner's request for documents "concerning two Pakistani lawsuits between Mr. Chishti and JS Bank" should be denied as irrelevant, as documents surrounding the lawsuits have no probative value regarding the assets and finances available to satisfy any debt owed by Mr. Chishti. Further, Petitioner's request should also be denied, as it seeks documents and communications protected from disclosure by attorney-client privilege. Mr. Chishti has already agreed to furnish public filings related to these two lawsuits, which are sufficient for purposes of interpreting the facts, procedural histories, and Pakistani court orders related to these two lawsuits.

**RFP No. 20.**   Petitioner's request for "all documents" concerning any transactions between Respondent and "any entities" going back over four years is overly broad and unduly burdensome. Mr. Chishti has already agreed to produce, including those of his bank transaction statements and those of his companies. Moreover, in response to RFP No. 10, Respondent agreed to produce documents "concerning *any* outstanding loans for which Mr. Chishti is the lender, borrower, or guarantor" and documents identifying any collateral encumbered by the loans. Additional documents are unnecessary and unduly burdensome.

**RFP No. 30.**   Petitioner's request for "[a]ll documents" concerning the settlement agreement Mr. Chishti entered into with Telegraph Media Group Limited are irrelevant. The terms of the settlement have no bearing on any assets available to satisfy the judgment, but whether Mr. Chishti possesses the funds from that settlement is relevant. Mr. Chishti has agreed to sign a verification stating that settlement proceeds were retained by his counsel in satisfaction of their fees.

**RFP No. 35.**   Petitioner's request for "[a]ll documents concerning any pre-nuptial or post-nuptial agreement" should be denied as privileged. This request seeks documents and communications encompassing legal advice related to the formulation of these agreements, as well as confidential information exchanged between Mr. Chishti and Ms. Pobereskin during the marital relationship. Further, Mr. Chishti already agreed to produce signed copies of the agreements to the extent he can locate the documents, which is sufficient for purposes of this judgment discovery.

**RFP No. 41.**   Petitioner's request for "documents concerning any audit of Isbei Ltd." should be denied. Mr. Chishti is not a shareholder, director, officer, or board member of Isbei Ltd. He does not have any right to its documents or property.

**RFP No. 38.**   Petitioner's request for "[a]ll documents concerning the repudiation, payment, or non-payment of the judgment in this Action, the Final Award, or any other action to enforce the Final Award" should be denied as privileged, as the Court has already recognized. *See* ECF No. 63. Additionally, this request should also be denied as overly broad, unduly burdensome, vague and ambiguous; Mr. Chishti cannot be expected, based on Petitioner's unclear instructions, to produce every document related to the payment or non-payment of the judgment in this action.

**RFP Nos. 18 & 22.**   In light of the Court's September 12, 2025 order, Respondent will search for and produce documents responsive to this request consistent with the Court's order.

Honorable Jed S. Rakoff, U.S.D.J.
September 15, 2025
Page 4


Warm regards,


Benjamin G. Chew
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE RESOURCE GROUP
INTERNATIONAL LIMITED,

       Petitioner,

       v.

MUHAMMAD ZIAULLAH KHAN
CHISHTI,

       Respondent.

Civil Action No. 25-cv-1021 (JSR)

**RESPONDENT MUHAMMAD ZIAULLAH KHAN CHISHTI'S**
**RESPONSES & OBJECTIONS TO PETITIONER'S**
**FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26, 33, and 69 of the Federal Rules of Civil Procedure, Respondent, Muhammad Ziaullah Khan Chishti ("Respondent" or "Mr. Chishti"), by and through undersigned counsel, submits these responses and objections (the "Responses" and, each a "Response") to Petitioner The Resource Group International Limited's ("Petitioner") First Set of Interrogatories (the "Interrogatories" or "ROG", and each, an "Interrogatory"), dated July 22, 2025.

**GENERAL OBJECTIONS**

In addition to any specific objections set forth in response to specific Interrogatories, Mr. Chishti lodges the following general objections (the "General Objections") to the Interrogatories:

1.     Mr. Chishti objects to the Interrogatories to the extent that they seek to impose obligations greater than those authorized by the Federal Rules of Civil Procedure, the Local Rules of this District, and/or this Court's Individual Rules.

2.     Mr. Chishti objects to the Interrogatories to the extent they call for information protected from disclosure by the attorney-client privilege, the work product doctrine, spousal

-1-

privilege, and/or any other applicable privilege or immunity.

3. Mr. Chishti objects to the Interrogatories to the extent that they seek information that is not relevant, material or admissible; not reasonably calculated to lead to the discovery of relevant material, or admissible information; and/or disproportionate to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues.

4. Mr. Chishti objects to the Interrogatories to the extent they are vague or ambiguous and therefore require subjective judgment on the part of Mr. Chishti as to what information is requested.

5. Mr. Chishti objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, unintelligible, vexatious, and oppressive or harassing.

6. Mr. Chishti objects to the Interrogatories to the extent the Interrogatories are not sufficiently particular to enable Mr. Chishti to conduct a reasonable search, or otherwise vague, ambiguous, inaccurate, confusing, and/or requiring Mr. Chishti to engage in conjecture or speculation as to their meaning in responding to the Interrogatories.

7. Mr. Chishti objects to the Interrogatories to the extent they violate Local Rule 33.3.

8. Mr. Chishti objects to the Interrogatories to the extent they are compound, and/or contain multiple discrete subparts within the meaning of Rule 33(a) of the Federal Rules of Civil Procedure.

9. By responding to an Interrogatory, Mr. Chishti does not concede the materiality or relevance of the subject to which it refers.  Mr. Chishti's responses are made expressly subject to, and without waiving or intending to waive, any objections as to the breadth, burdensomeness,

competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any information produced, or of the subject matter thereof, in any proceeding.

10.     Mr. Chishti objects to the Interrogatories, including the definitions and instructions contained therein, to the extent they call for the disclosure of information not presently within his knowledge or requires Mr. Chishti to seek information solely in the possession, custody, or control of third parties.  Mr. Chishti further objects to the Interrogatories to the extent that they purport to require Mr. Chishti to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) from readily accessible sources (including electronic sources) where responsive information reasonably would be expected to be found.

11.     Mr. Chishti objects to the Interrogatories to the extent that they seek disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information.  Any answers containing or reflecting such information will only be produced pursuant to the terms of an agreed-upon confidentiality stipulation or protective order entered by the Court in this matter.

12.     Mr. Chishti objects to all Interrogatories seeking information and material regarding his Spouse, who is not a party to the Underlying Arbitration, as irrelevant, overbroad, and unduly burdensome.

13.     Mr. Chishti's failure to object to an Interrogatory on a particular ground shall not be construed as a waiver of the right of Mr. Chishti to object on that ground or any additional ground at any time.

14.     Mr. Chishti objects to the extent that the Interrogatories violate the status quo order currently issued by the Supreme Court of Pakistan.

15.     Mr. Chishti objects to all Interrogatories, or portions thereof, to the extent that they

imply the existence of facts or circumstances that do not or did not exist, and to the extent that they

state or assume factual or legal conclusions. In responding, Mr. Chishti does not admit the factual

or legal premise of any Interrogatory. No incidental or implied admissions are intended by this

response.

16.     Mr. Chishti responds to each Interrogatory based on his present state of knowledge

or belief. Mr. Chishti's responses are at all times subject to supplementation and revision in light

of future investigation and analysis.  Mr. Chishti reserves the right to rely at any stage of these

proceedings upon subsequently discovered information, or upon information not contained in his

present responses because of lack of present knowledge, inadvertence or mistake.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Mr. Chishti objects to the definitions of "Interest", "Respondent", and "You" as

overbroad and unduly burdensome.

2.      Mr. Chishti objects to the definition of "Held" as overbroad, unduly burdensome,

seeking information outside of Mr. Chishti's knowledge, possession, custody, and control, and

otherwise seeking information not relevant to the parties' claims or proportional to the needs of

the case. Mr. Chishti further objects to this definition to the extent it seeks information from his

spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject

to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms.

Pobereskin (or her property)" (Final Award at 58 n.21), and is not a party to this litigation.

3.      Mr. Chishti objects to the time period specified in Instruction No. 9 – "January 1,

2021 to present" – as overbroad, unduly burdensome, and seeking information not relevant,

material or admissible; not reasonably calculated to lead to the discovery of relevant, material, or

admissible information; and/or disproportionate to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery.  To the extent Mr. Chishti agrees to provide responsive information to a specific Interrogatory, he will only do so for the date range encompassing the dates between January 12, 2023 and July 22, 2025 (hereinafter "the Defined Time Period"), unless otherwise specified.

4.    Mr. Chishti objects to Instruction No. 6 as overbroad, unduly burdensome, and inconsistent with applicable law and Court rules.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Identify every Account currently or previously Held by You, or in which You have an Interest.

### RESPONSE TO INTERROGATORY NO. 1:

Mr. Chishti incorporates the General Objections above as though fully set forth herein.  Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure.  Mr. Chishti further objects to this Interrogatory on the grounds that it is unduly burdensome and overly broad in scope.  Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "held", "account", "interest," and/or "You" or "Your", which are overly broad, vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek information from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this

proceeding. Mr. Chishti further objects to this Interrogatory to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award at 58 n.21), and is not a party to this litigation. Mr. Chishti further objects to this Interrogatory to the extent that it is seeking information which was already provided to Petitioner in the Underlying Arbitration with Petitioner The Resource Group International Limited in the JAMS Arbitration proceeding *The Resource Group International Limited v. Muhammad Ziaullah Khan Chishti*, JAMS Ref. No. 5425000846 ("Underlying Arbitration").

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

Mr. Chishti maintains the following bank accounts, with the respective balances provided as of August 21, 2025:

| Bank | Address | Account No. & Type | Owner | Balance | Status |
|------|---------|--------------------|-------|---------|--------|
| Stanford Federal Credit Union | P.O. Box 10690, Palo Alto, CA 94303-0843 | ▮ Checking | Mr. Chishti | ▮ | Open |
| Stanford Federal Credit Union | P.O. Box 10690, Palo Alto, CA 94303-0843 | ▮ Savings | Mr. Chishti | ▮ | Open |
| Charles Schwab | 1945 Northwestern Drive, El Paso, TX 79912 | ▮ Brokerage | Mr. Chishti | ▮ | Open |
| Charles Schwab | 1945 Northwestern Drive, El Paso, TX 79912 | ▮ Checking | Mr. Chishti | ▮ | Open |

| Royal Bank of Canada | 2100 Pennsylvania Ave. NW, Suite 810N, Washington, D.C. 20037 | ■■■ | Mr. Chishti | ■ | Open |
| Broadridge Shareholder Services | | ■■■ | Mr. Chishti | ■■ | Open |
| Broadridge Shareholder Services | | ■■■ | Redcourt LLC | ■■ | Open |
| Meezan Bank | 0308-F.8 Markaz, Islamabad, Panther Plaza | ■■■ | Isbei AI (Private) Ltd. | ■■ | Open |

In addition to the banking accounts described above, Mr. Chishti refers Petitioner to those accounts and statements disclosed to Petitioner in the Underlying Arbitration, including Mr. Chishti's bank, brokerage, and share accounts located in various banks in Pakistan disclosed in Mr. Chishti's "Responses, Supplemental Responses, and Objections to Claimant's First Set of Interrogatories", dated December 14, 2023; "Second Supplemental Responses and Objections to Interrogatories Nos. 1-3, 5, 11, & 12, and Third Supplemental Responses and Objections to Interrogatory 13 of Claimant's First Set of Interrogatories," dated February 23, 2024; and "Respondent's Second Supplemental Responses and Objections to Interrogatory No. 13, of Claimant's First Set of Interrogatories," dated January 2, 2024.

Mr. Chishti further refers Petitioners the various banking and share transaction documents and communications which were produced in the Underlying Arbitration, including, but not limited to:

- Chishti ■■, Chishti ■■, Chishti_■■, (Pearl Securities Ltd);
- Chishti ■■, Chishti ■■ (Mr. Chishti JS Bank Statements, Acct. Ending ■■);
- Chishti_■■, Chishti ■■ (Mr. Chishti JS Bank Statements, Acct. Ending ■■);

-7-

- Chishti_███, Chisht███ (Mr. Chishti JS Bank Statements, Acct. Ending ███);

- Chishti_███, Chishti_███ (Mr. Chishti JS Bank Statements, Acct. Ending ███)

- Chishti_███ (Ms. Pobereskin JS Bank Statement, Acct. Ending ███);

- Chisht███, Chishti_███, Chishti_███ (Ms. Pobereskin JS Bank Statements, Acct. Ending ███).

Mr. Chishti has not closed any checking or savings accounts between January 1, 2021 and this date.

## INTERROGATORY NO. 2:

Identify all information regarding the Accounts identified in response to Interrogatory No. 1, including but not limited to the Bank, location and address where such Accounts are Held, the name and number of the Accounts, any other owners of the Accounts, the balance of the Accounts, the status of the Accounts, and all transactions involving the Accounts from January 1, 2021 to the present.

## RESPONSE TO INTERROGATORY NO. 2:

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Interrogatory on the grounds that it is unduly burdensome and overly broad in scope. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "held", "account", "interest," and/or "You" or "Your", which are overly broad, vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek information from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this

proceeding. Mr. Chishti further objects to this Interrogatory to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or otherwise seeks documents which are not under his sole possession, custody, or control as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory to the extent it seeks information regarding all "transactions" which term is not defined or limited in scope and thus is overly broad, unduly burdensome, would require Mr. Chishti to engage in conjecture or speculation as to its meaning in order to respond to the Interrogatory, and otherwise seeks information which serves no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award at 58 n.21), and is not a party to this litigation. Mr. Chishti further objects to this Interrogatory to the extent that it is seeking information which was already provided to Petitioner in the Underlying Arbitration.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

Mr. Chishti maintains the following bank accounts, with the respective balances provided as of August 21, 2025:

| Bank | Address | Account No. & Type | Owner | Balance | Status |
|------|---------|--------------------|-------|---------|--------|
| Stanford Federal Credit Union | P.O. Box 10690, Palo Alto, CA 94303-0843 | ▮▮▮▮ Checking | Mr. Chishti | ▮▮▮▮ | Open |
| Stanford Federal Credit Union | P.O. Box 10690, Palo Alto, CA 94303-0843 | ▮▮▮▮ Savings | Mr. Chishti | ▮▮▮ | Open |

| Charles Schwab | 1945 Northwestern Drive, El Paso, TX 79912 | ██████ Brokerage | Mr. Chishti | ██████ | Open |
|---|---|---|---|---|---|
| Charles Schwab | 1945 Northwestern Drive, El Paso, TX 79912 | Checking | Mr. Chishti | ██████ | Open |
| Royal Bank of Canada | 2100 Pennsylvania Ave. NW, Suite 810N, Washington, D.C. 20037 | ██████ | Mr. Chishti | █ | Open |
| Broadridge Shareholder Services | | ██████ | Mr. Chishti | ████ | Open |
| Broadridge Shareholder Services | | ██████ | Redcourt LLC | ████ | Open |
| Meezan Bank | 0308-F.8 Markaz, Islamabad, Panther Plaza | ██████ | Isbei AI (Private) Ltd. | █████ | Open |

In addition to the banking accounts described above, Mr. Chishti refers Petitioner to those accounts and statements disclosed to Petitioner in the Underlying Arbitration, including Mr. Chishti's bank, brokerage, and share accounts located in various banks in Pakistan disclosed in Mr. Chishti's "Responses, Supplemental Responses, and Objections to Claimant's First Set of Interrogatories", dated December 14, 2023; "Second Supplemental Responses and Objections to Interrogatories Nos. 1-3, 5, 11, & 12, and Third Supplemental Responses and Objections to Interrogatory 13 of Claimant's First Set of Interrogatories," dated February 23, 2024; and "Respondent's Second Supplemental Responses and Objections to Interrogatory No. 13, of Claimant's First Set of Interrogatories," dated January 2, 2024.

Mr. Chishti further refers Petitioners the various banking and share transaction documents and communications which were produced in the Underlying Arbitration, including, but not limited to:

- Chishti_██████, Chishti_██████, Chishti_██████, (Pearl Securities Ltd);



- Chishti_███, Chishti███ (Mr. Chishti JS Bank Statements, Acct. Ending ███);
- Chishti███, Chishti_███ (Mr. Chishti JS Bank Statements, Acct. Ending ███);
- Chishti███, Chishti███ (Mr. Chishti JS Bank Statements, Acct. Ending ███);
- Chishti_███, Chishti_███ (Mr. Chishti JS Bank Statements, Acct. Ending ███)
- Chishti_███ (Ms. Pobereskin JS Bank Statement, Acct. Ending ███);
- Chishti███, Chishti_███, Chishti_███ (Ms. Pobereskin JS Bank Statements, Acct. Ending ███).

Mr. Chishti has not closed any checking or savings accounts between January 1, 2021 and this date.

**INTERROGATORY NO. 3:**

Identify all real property currently or previously Held by You, in which You have an Interest, or in which You have claimed or purported to have an Interest.

**RESPONSE TO INTERROGATORY NO. 3:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to this Interrogatory on the grounds that it is unduly burdensome and overly broad in scope to the extent it seeks information pertaining to property "previously held." Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "held", "interest," and/or "You" or "Your", which are overly broad, vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek information from persons and distinct corporate entities that are

-11-

not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Interrogatory to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or information as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory to the extent it seeks information regarding all "previously held" real property and any real property in which he has "interest" which term is defined in a vague, confusing, and overly broad and unduly burdensome manner, which would require Mr. Chishti to engage in conjecture or speculation as to its meaning in order to respond to the Interrogatory, and otherwise seeks information which serves no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award at 58 n.21), and is not a party to this litigation. Mr. Chishti further objects to this Interrogatory to the extent that it is seeking information which was already provided to Petitioner in the Underlying Arbitration.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

Mr. Chishti does not own any real property in the United States or its Territories. None of Mr. Chishti's Limited Liability Corporations (Zia Chishti Act 60 LLC, Zia Chishti Investment LLC, and Redcourt LLC) own any real property in the United States or Pakistan.

Mr. Chishti owns the following properties in Pakistan:

| 1 | ███████████████████ |
| 2 | ███████████████████ |

-12-



**INTERROGATORY NO. 4:**

Identify all other assets Held by You, in which You have an Interest, or in which You have claimed or purported to have an Interest.

**RESPONSE TO INTERROGATORY NO. 4:**

Mr. Chishti incorporates the General Objections above, as though fully set forth herein. Mr. Chishti objects to this Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "held", "interest," and/or "You" or "Your", which are overly broad, vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek information from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Interrogatory on the grounds that it is unduly burdensome, overly broad in scope, vague, ambiguous, and unclear in that it purports to seek identification of all of Mr. Chishti's property, real or personal, without limitation or definition. Mr. Chishti further objects to this Interrogatory to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or information as such the requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory on the ground that requires him to engage in conjecture or speculation as to its meaning in order to respond to the Interrogatory. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award at 58 n.21), and is not a party to this litigation. Mr. Chishti further objects to this

Interrogatory to the extent that it is seeking information which was already provided to Petitioner in the Underlying Arbitration.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

Mr. Chishti refers Petitioner to the information disclosed, and incorporated herein by reference, in Mr. Chishti's responses to Interrogatories No. 1-3.

Mr. Chishti holds ███████ shares of TRG Pakistan Limited ("TRG-P").

Mr. Chishti holds ███████ Series C and ███████ Series D shares of TRG-I.

Mr. Chishti holds 99 shares of Isbei AI (Private) Ltd., a company incorporated in Pakistan, but for which there are no assets aside from the bank account identified herein, and currently no business operations.

**INTERROGATORY NO. 5:**

Identify any person or entity holding or receiving assets on Your behalf or in which You have or claim an Interest in any manner and for any reason, including with respect to any assets that may be Held on the basis of completed or future professional services *(e.g.,* retainers) or an escrow, custody, or trust arrangement.

**RESPONSE TO INTERROGATORY NO. 5:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "held", "interest," and/or "You" or "Your", which are overly broad, vague, and ambiguous, unduly burdensome, and to the extent that

such inclusion attempts to seek information from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Interrogatory to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or information as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory to the extent it is vague, confusing and requires Mr. Chishti to engage in conjecture or speculation as to its meaning in order to respond to the Interrogatory, and otherwise seeks information which serves no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award at 58 n.21), and is not a party to this litigation, or to the extent it seeks information regarding his children who were also not party to the arbitration, this litigation, or subject to the jurisdiction of the arbitrator. Mr. Chishti further objects to this Interrogatory to the extent that it is seeking information which was already provided to Petitioner in the Underlying Arbitration.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

Mr. Chishti is not aware of any person or entity holding or receiving his assets. Mr. Chishti does not have any of his assets held in trust or escrow for the purposes of completed or future professional services. None of Mr. Chishti's assets are held in trust or by a trustee.

**INTERROGATORY NO. 6:**

Identify any entity, trust, or agent in which You or Sarah Jennifer Pobereskin have an Interest, are beneficiaries of, donors, principals, or trustees, control, manage, or have a right

to control or manage in any capacity and in any respect, or in which You have contributed to since January 1, 2021 to present. For the avoidance of doubt, this Request includes any trusts created by You or Sarah Jennifer Pobereskin to benefit any members or Your immediate family, including without limitation the parents or children of You or Sarah Jennifer Pobereskin.

**RESPONSE TO INTERROGATORY NO. 6:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "held", "interest," and/or "You" or "Your", which are overly broad, vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek information from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Interrogatory to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or information as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory to the extent it is vague, confusing and requires Mr. Chishti to engage in conjecture or speculation as to its meaning in order to respond to the Interrogatory, and otherwise seeks information which serves no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award

-17-

at 58 n.21), and is not a party to this litigation, or to the extent it seeks information regarding his children who were also not party to the arbitration, this litigation, or subject to the jurisdiction of the arbitrator. Mr. Chishti further objects to this Interrogatory to the extent that it is seeking information which was already provided to Petitioner in the Underlying Arbitration.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

None of Mr. Chishti's assets are held in trust or by a trustee. Mr. Chishti is not a trustee for any trust. Mr. Chishti is not aware of any agent, trustee, or entity, other than those disclosed in these Interrogatory Responses or in the Underlying Arbitration, who are holding Mr. Chishti's assets.

**INTERROGATORY NO. 7:**

Describe in detail any efforts that You have taken to release any existing pledges, hypothecations, and/or encumbrances on any equity securities of TRG-I or TRG-P Held by You (including those legally titled in the name of Sarah Jennifer Pobereskin), or in which You have an Interest.

**RESPONSE TO INTERROGATORY NO. 7:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "interest," and/or "You" or "Your", which are overly broad, vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek information from persons and distinct corporate entities that are not

-18-

under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Interrogatory in that it seeks information which serves no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award at 58 n.21), and is not a party to this litigation. Mr. Chishti further objects to this Interrogatory to the extent that it is seeking information which was already provided to Petitioner in the Underlying Arbitration or is already within the knowledge of Petitioner.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

Petitioner is well-aware that since at least August 2023, Mr. Chishti has been unable to sell or transfer any of his TRG-P shares and Mr. Chishti's banks have been precluded from allowing Mr. Chishti to unencumber, sell, or transfer any of his TRG-P shares because of the injunctions Petitioner obtained through its deception before the High Court of Sindh of Karachi ("High Court") in Suit No. 19 of 2023 and Suit No. 1445 of 2023. Litigation concerning those injunctions is ongoing, which Petitioner is also aware of and a party to and Mr. Chishti refers Petitioner to any filings made therein and to consult with its attorneys regarding the same.

As Petitioner is also aware, on September 12, 2023, Respondent requested the Arbitrator in the Underlying Arbitration to issue an anti-suit injunction regarding TRG-P's prosecution of Suit No. 1445 of 2023. The Tribunal denied that request on September 17, 2023.

On August 5, 2024, Mr. Chishti renewed his request for anti-suit injunctive relief after discovery in the Underlying Arbitration established that Petitioner had perjured itself before the High Court. The Tribunal denied that request.

In contravention of the terms of the Final Award, Petitioner sought and received additional *ex parte* relief before the High Court in JCM No. 04 of 2025, which enjoined all transactions in all of Mr. Chishti's and Ms. Pobereskin's shares and the suit has not been resolved. Similarly, JCM 5 of 2025 restricts Mr. Chishti from selling any shares he acquired outside the October 2005 to October 2022 equitable relief period granted by Arbitrator Young and this suit has not been resolved.

**INTERROGATORY NO. 8:**

Identify all transfers of any kind of assets, property, or funds by You to any other persons or entities, including without limitation between You and Sarah Jennifer Pobereskin since January 1, 2018.

**RESPONSE TO INTERROGATORY NO. 8:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "You" or "Your", which is overly broad, vague, and ambiguous, and unduly burdensome in that it purports to seek identification of any "transfer" of "any kind of assets . . . "without limitation," which would require Mr. Chishti to list any and every detail of any transaction he has ever engaged in for more than six years, including those concerning the payment of bills, education and childcare expenses, and other ordinary

household expenses and activities. Mr. Chishti further objects to this Interrogatory to the extent

Petitioner has failed to restrict its requests to relevant persons or entities, or information as such

requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory

to the extent it is vague, confusing and requires Mr. Chishti to engage in conjecture or speculation

as to its meaning in order to respond to the Interrogatory. Mr. Chishti further objects to this

Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who

was not a party in the underlying arbitration, was not subject to the underlying arbitration award

as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award

at 58 n.21), and is not a party to this litigation, or to the extent it seeks information regarding his

children who were also not party to the arbitration, this litigation, or subject to the jurisdiction of

the arbitrator. Mr. Chishti further objects to this Interrogatory to the extent that it is seeking

information which was already provided to Petitioner in the Underlying Arbitration.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as

follows:

Mr. Chishti refers Petitioner to the information disclosed, and incorporated herein by

reference, in Mr. Chishti's responses to Interrogatories No. 1-3.

**INTERROGATORY NO. 9:**

Describe in detail the terms of the settlement agreement into which You entered

with Telegraph Media Group Limited and/or any of its affiliates with respect to certain

articles published in *The Daily Telegraph,* including but not limited to all information

concerning the amount of the "substantial sum" and the amount of the "contribution to

[Your] legal costs" that *The Daily Telegraph* announced it had paid to You, as well as

when these payments were made, the currency in which these payments were made, the

Account or Accounts at which these payments were received, and all direct and indirect recipients of these payments. *See* https://www.telegraph.co.uk/news/2025/03/l 7/zia-chishti-an-apology/.

**RESPONSE TO INTERROGATORY NO. 9:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "You" or "Your", which is overly broad, vague, and ambiguous, and unduly burdensome.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

Mr. Chishti further objects to this Request as it would require the revelation of confidential settlement terms, and other irrelevant confidential payment information, which bear no relevance or probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti as any sums paid as a result of the settlement and which remain available to satisfy any debts subsequently determined to be owed by Mr. Chishti are not contained within the terms of the settlement agreement. Accordingly, Mr. Chishti refers Petitioner to the information disclosed, and incorporated herein by reference, in Mr. Chishti's responses to Interrogatories No. 1-3.

**INTERROGATORY NO. 10:**

Identify any lien or pledge that is currently in place on any property Held, by You or Sarah Jennifer Pobereskin, or in which You or Sarah Jennifer Pobereskin have an Interest (including without limitation as a trustee or beneficiary of a trust).

**RESPONSE TO INTERROGATORY NO. 10:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "held", "interest," and/or "You" or "Your", which are overly broad, vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek information from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Interrogatory to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or information as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory to the extent it is vague, confusing and requires Mr. Chishti to engage in conjecture or speculation as to its meaning in order to respond to the Interrogatory, and otherwise seeks information which serves no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award at 58 n.21), and is not a party to this litigation, or to the extent it seeks information regarding his children who were also not party to the arbitration, this litigation, or subject to the jurisdiction of the arbitrator. Mr. Chishti further objects to this Interrogatory to the extent that it is seeking information which was already provided to Petitioner in the Underlying Arbitration.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

Mr. Chishti refers Petitioner to the information disclosed to Petitioner in the Underlying Arbitration, including that found in Mr. Chishti's "Responses, Supplemental Responses, and Objections to Claimant's First Set of Interrogatories", dated December 14, 2023; "Second Supplemental Responses and Objections to Interrogatories Nos. 1-3, 5, 11, & 12, and Third Supplemental Responses and Objections to Interrogatory 13 of Claimant's First Set of Interrogatories," dated February 23, 2024; and "Respondent's Second Supplemental Responses and Objections to Interrogatory No. 13, of Claimant's First Set of Interrogatories," dated January 2, 2024. Mr. Chishti further refers Petitioner to documents produced in the Underlying Arbitration concerning the pledge of Mr. Chishti's shares, including, but not limited to Chishti_010953 – Chishti_010985.

Mr. Chishti is also aware of a purported "charging lien" asserted by Brown Rudnick LLP, on or about February 19, 2025, in which Brown Rudnick LLP "is asserting a charging lien over the TRG-P Shares that Mr. Chishti acquired between October 4, 2025, and October 10, 2022, as well as any proceeds derived from the subsequent sale of such TRG-P shares." Petitioner was notified of this assertion by Brown Rudnick on February 19, 2025.

Mr. Chishti is also aware of a purported "charging lien" asserted by Brown Rudnick LLP in the arbitration between Mr. Chishti and Petitioner in JAMS Ref. No. 5425000957, on or about February 19, 2025, in which Brown Rudnick LLP "is asserting a charging lien over the proceeds of any recovery obtained by Mr. Chishti against any of the Respondents in this action." Petitioner was notified of this assertion by Brown Rudnick on February 19, 2025.

**INTERROGATORY NO. 11:**

Identify any trusts located in any jurisdiction in which You or Sarah Jennifer Pobereskin has created, has an Interest, is a principal or trustee or has any right of control or influence (shared or otherwise), or with which You or Sarah Jennifer Pobereskin is otherwise associated or have otherwise contributed to, and describe Your or Sarah Jennifer Pobereskin's relationship to each such trust, and the present Bank, amount and location of any trust assets, as well as any Bank, amount and locations as of January 1, 2024 to the extent different. For the avoidance of doubt, this Request includes any trusts created by You or Sarah Jennifer Pobereskin to benefit any members of Your immediate family, including the parents of You of Sarah Jennifer Pobereskin.

**RESPONSE TO INTERROGATORY NO. 11:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "held", "interest," and/or "You" or "Your", which are overly broad, vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek information from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Interrogatory to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or information as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory to the extent it is vague, confusing and requires Mr. Chishti to engage in conjecture or speculation as to its meaning in order to respond to the

Interrogatory, and otherwise seeks information which serves no probative value as to the assets

and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this

Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who

was not a party in the underlying arbitration, was not subject to the underlying arbitration award

as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award

at 58 n.21), and is not a party to this litigation, or to the extent it seeks information regarding his

children, his parents, or Ms. Pobereskin's parents, who were also not party to the arbitration, this

litigation, or subject to the jurisdiction of the arbitrator. Mr. Chishti further objects to this

Interrogatory to the extent that it is seeking information which was already provided to Petitioner

in the Underlying Arbitration. Mr. Chishti further objects to this Interrogatory to the extent it is

duplicative of Interrogatory No. 6, which responses, objections, and answers to are incorporated

herein.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as

follows:

Mr. Chishti is not aware of any person or entity holding his assets. Mr. Chishti does not

have any of his assets held in trust or escrow. None of Mr. Chishti's assets are held in trust or by

a trustee, nor is he a principal or trustee of any trust.

**INTERROGATORY NO. 12:**

Identify any insurance policies covering You or Jennifer Pobereskin, or of which

You or Jennifer Pobereskin are a subject or beneficiary.

**RESPONSE TO INTERROGATORY NO. 12:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr.

Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure

by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "You" or "Your", which is overly broad, vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek information from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Interrogatory to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or information as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory to the extent it seeks information which serves no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award at 58 n.21), and is not a party to this litigation, or to the extent it seeks information regarding any other persons who were not party to the arbitration, this litigation, or subject to the jurisdiction of the arbitrator.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

Mr. Chishti does not have any insurance policies covering him or his wife, Ms. Pobereskin.

## INTERROGATORY NO. 13:

Identify any reimbursements, indemnities, compensation, loans, options, or other agreements relating to the transfer of currency or any property between You and/or Sarah Jennifer Pobereskin, and Isbei Ltd., or any of its affiliates, including but not limited to Isbei

AI (Private) Ltd., Isbei (Hainan) Technology Co. Ltd., and Qinhe (Hainan) Intelligent Technology Ltd.

**RESPONSE TO INTERROGATORY NO. 13:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "You" or "Your", which is overly broad, vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek information from persons and distinct corporate entities that are not under the control of Mr. Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Interrogatory to the extent Petitioner has failed to restrict its requests to relevant persons or entities, or information as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Interrogatory to the extent it seeks information which serves no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award at 58 n.21), and is not

a party to this litigation, or to the extent it seeks information regarding any other persons who were

not party to the arbitration, this litigation, or subject to the jurisdiction of the arbitrator.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as

follows:

Within the Defined Time Period, Mr. Chishti has not made or received any

reimbursements, indemnities, compensation, loans, options and is not party to or aware of any

agreements relating to the transfer of currency or any property between him and Isbei Ltd., or any

of its affiliates.

**INTERROGATORY NO. 14:**

Identify every transaction between You or Sarah Jennifer Pobereskin on the one hand,

and Isbei Ltd., or any of its affiliates on the other, including but not limited to Isbei AI (Private)

Ltd., Isbei (Hainan) Technology Co. Ltd., and Qinhe (Hainan) Intelligent Technology Ltd.

**RESPONSE TO INTERROGATORY NO. 14:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr.

Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure

by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other

protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the

extent it purports to incorporate Petitioner's definition of "You" or "Your", which is overly broad,

vague, and ambiguous, unduly burdensome, and to the extent that such inclusion attempts to seek

information from persons and distinct corporate entities that are not under the control of Mr.

Chishti and are not parties to this proceeding. Mr. Chishti further objects to this Interrogatory on

the grounds that it is confusing and/or requires Mr. Chishti to engage in conjecture or speculation

as to the information requested. Mr. Chishti further objects to this Interrogatory to the extent

Petitioner has failed to restrict its requests to relevant persons or entities, or information as such requests are overbroad and unduly burdensome. Mr. Chishti further objects to this Interrogatory to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Interrogatory on the grounds that it is vague, overly broad, and seeks information which serves no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award at 58 n.21), and is not a party to this litigation.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

During the Defined Time Period, Mr. Chishti has not engaged in any "transactions" with Isbei Ltd., or any of its affiliates. Mr. Chishti holds █ of █ shares of Isbei AI (Private) Ltd., which was incorporated on July 26, 2022 in Islamabad, Pakistan. He has made no transactions from the aforementioned bank account associated with Isbei AI (Private) Ltd. during the Defined Time Period.

**INTERROGATORY NO. 15:**

Identify every transaction since January 1, 2021 in which You have received payment in excess of $10,000 for any reason, including without limitation the date, amount, Bank or Account into which it was deposited (if applicable) and reason for such payment.

-30-

**<u>RESPONSE TO INTERROGATORY NO. 15</u>:**

Mr. Chishti incorporates the General Objections above as though fully set forth herein. Mr. Chishti objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, spousal privilege, or any other protection or immunity from disclosure. Mr. Chishti further objects to the Interrogatory to the extent it purports to incorporate Petitioner's definition of "You" or "Your", which is overly broad, vague, and ambiguous, and unduly burdensome in that it purports to seek identification of "every transaction" of any kind and for "any reason" in excess of $10,000. Mr. Chishti further objects to this Interrogatory to the extent that it seeks disclosure of (a) confidential business or commercial information, trade secrets, or proprietary information, including Mr. Chishti's financial information; (b) information that would violate the privacy rights of individuals; and/or (c) other confidential or sensitive information. Mr. Chishti further objects to this Interrogatory to the extent it requires him to engage in conjecture or speculation as to its meaning in order to respond to the Interrogatory, and otherwise seeks information which serves no probative value as to the assets and finances available to satisfy any debt owed by Mr. Chishti. Mr. Chishti further objects to this Interrogatory to the extent it seeks information concerning his spouse, Ms. Sarah Pobereskin who was not a party in the underlying arbitration, was not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over Ms. Pobereskin (or her property)" (Final Award at 58 n.21), and is not a party to this litigation. Mr. Chishti further objects to this Interrogatory to the extent that it is seeking information which was already provided to Petitioner in the Underlying Arbitration.

Subject to and without waiving his General and Specific objections, Mr. Chishti states as follows:

Mr. Chishti refers Petitioner to the information disclosed, and incorporated herein by reference, in Mr. Chishti's responses to Interrogatories No. 1-3.

During the Defined Time Period, Mr. Chishti has not received any payments of employment income, dividend income, or interest income in excess of $10,000.

Dated:  August 21, 2025          Respectfully submitted,

*/s/ Benjamin G. Chew*
Benjamin G. Chew (*pro hac vice*)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., NW, Ste. 100
Washington, DC 20006
Telephone/Fax: 202-747-1862 / 202-747-1901
Email: bchew@sheppardmullin.com

## VERIFICATION

I, Muhammad Ziaullah Khan Chishti, declare that I have read ***Respondent Muhammad Ziaullah Khan Chishti's Responses and Objections to Petitioners' First Set of Interrogatories*** and, as to those matters which I have personal knowledge, I verify that they are true and correct. As to those matters of which I have no personal knowledge, I am informed and to the best of my knowledge believe the matters therein to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Pakistan on this 21st day of August 2025.

_____

Muhammad Ziaullah Khan Chishti

-1-

# EXHIBIT B

# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
202.747.1900 main
202.747.1901 fax
www.sheppardmullin.com

202.747.1898 direct
jdoyle@sheppardmullin.com

**VIA EMAIL**

September 5, 2025

Mark E. McDonald, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006-1470
memcdonald@cgsh.com

Re:     **Response to September3, 2025 Letter Regarding Meet and Confer**

Dear Mark,

This letter is in response to your September 3, 2025, letter concerning our September 2, 2025 meet and confer regarding your discovery requests, and in further follow-up to my September 3, 2025 email concerning the same. Our responses to the individual topics contained in your letter are below.

**Relevant Time Period:** We agree that the parties are at an impasse on this issue. Mr. Chishti maintains that the relevant time period remains January 12, 2023 – July 22, 2025, and, as set forth in his discovery responses, will search for and produce responsive, non-privileged documents contained therein, unless otherwise specified. Mr. Chishti objects to the notion that he is required to provide Petitioner with a transaction-by-transaction update in perpetuity as such a request is, amongst other things, overbroad, unduly burdensome, violative of Mr. Chishti's constitutional rights to privacy, unnecessarily invasive, and vexatious.

**Documents Concerning Ms. Pobereskin:** We agree that the parties are at an impasse on this issue. Ms. Pobereskin was not a party in the underlying arbitration, was not and is not subject to the underlying arbitration award as there was "no basis for arbitral jurisdiction over [her] or her property" (Final Award at 58 n.21), and is not a party to this litigation.

**Entities, Properties, and Assets Not "Solely" Owned by Mr. Chishti:** We agree that the parties are at an impasse on this issue. These requests are unduly burdensome, overly broad, and seek information irrelevant to the assets available to satisfy any debt deemed to be owed by Mr. Chishti or which is otherwise outside of the possession, custody, or control of Mr. Chishti. Mr. Chishti has agreed and, indeed, provided information pertaining to banking accounts over which

**SheppardMullin**

September 5, 2025
Page 2

he maintains possession, custody, and control, as well as the investment securities he owns in outside companies. As set forth in his responses and below, Mr. Chishti has further agreed to provide updated and current banking information concerning his accounts. These documents provide sufficient information to identify Mr. Chishti's assets. Moreover, Petitioner is already in possession of any information concerning Mr. Chishti's TRG-I and TRG-P shares, as well as his Afiniti Ltd. shares – now worthless because of the September 2024 liquidation proceedings. In addition, in the spirit of transparency and without prejudice to Mr. Chishti's objections to producing documents or information concerning property owned or controlled by Ms. Pobereskin, Mr. Chishti has agreed to produce documents concerning the sole bank account held jointly between him and Ms. Pobereskin. Please confirm whether this alleviates the need to seek Court involvement regarding this and other related issues.

        **RFP No. 1:** Respondent confirms that upon information and belief he has not closed any checking or savings accounts between January 1, 2021 and this date. As discussed during the meet and confer, Respondent intended to convey relevant and accurate information pertaining to accounts which hold his assets. In the underlying arbitration, numerous documents were produced which identified Mr. Chishti's share ownership and trading activity, as well as banking and share registry accounts regarding the same. This includes those documents generated by the Central Depository Company of Pakistan (the "CDC") which is the Pakistani central securities depository company. Mr. Chishti has already produced these documents to Petitioner and after conducting a brief review of the productions, Mr. Chishti has identified the following additional documents that may be relevant to the request for documents regarding "closed accounts", and agrees to supplement this information should he become aware of additional responsive information or documents:

-    Chishti███████ – "Account Closing Request" Dated Jan. 30, 2023 – CDC Sub Account No. ending████
-    Chishti███████ – JS Bank Account Statement Dated Feb. 19, 2024 – Account No. ending████;
-    Chishti███████ – JS Bank Account Statement Dated Feb. 19, 2024 – Account No. ending████; and
-    Chishti███████ – JS Bank Account Statement End Date Feb. 19, 2024 – Account No. ending████.

        **RFP No. 5/ROG No. 4:** Subject to and without waiving his General and Specific objections as set forth in his August 21, 2025, response to Petitioner's Requests, Mr. Chishti agrees to supplement his responses to Interrogatory No. 4, and to identify substantial assets that are owned by Mr. Chishti. For the avoidance of doubt, Mr. Chishti does not agree to itemize all of his belongings or trivial possessions. By way of example, Mr. Chishti will supplement his interrogatory response to include his vehicle but will not include in that supplementation items of clothing or

**Sheppard**Mullin

September 5, 2025
Page 3

everyday furniture such as desk chairs or sofas. For the avoidance of doubt "items of clothing" does not include jewelry or similar items, to the extent they exist. Please confirm that Petitioner is amenable to this proposal and whether it alleviates the need to seek Court involvement regarding this request.

**RFP No. 7/ROG No.8:** Subject to and without waiving his General and Specific objections as set forth in his August 21, 2025, response to Petitioner's Request, Mr. Chishti agrees to produce Mr. Chishti's up-to-date bank statements concerning his personal accounts and those of his JS Bank documents which were produced in the underlying arbitration. This is in addition to Mr. Chishti's previous agreement to produce documents in response to RFP No. 10, which includes those documents "concerning any outstanding loans for which Mr. Chishti is the lender, borrower, or guarantor, and will produce documents sufficient to identify the current amount of the loan, the bank or facility holding/facilitating the loan, and any collateral currently encumbered by the loan." Please confirm whether this alleviates the need to seek Court involvement regarding these requests.

**RFP No. 13:** We agree that the parties are at an impasse regarding this request.

**RFP No. 17:** We agree that the parties are at an impasse regarding this request.

**RFP No. 18:** Mr. Chishti stands on his objections regarding this request.

**RFP No. 19:** Mr. Chishti stands on his objections regarding this request. Petitioner's overly broad and undefined request appears to be requesting every document or communication concerning any transaction or expense ever paid to or on behalf of "any other individual" to include, amongst others, his children and his mother. This is patently absurd and serves no legitimate purpose or relevance to the satisfaction of any debt that may be deemed owed by Mr. Chishti. Mr. Chishti has already agreed to produce his bank statements, tax returns, and other relevant transaction information. Subject to and without waiving his General and Specific objections as set forth in his August 21, 2025, response to Petitioner's Request, Mr. Chishti will also sign a verification that there are no "ongoing, planned or contemplated loans" with any of the individuals listed in Petitioner's RFP No. 19.

**RFP No. 20:** Mr. Chishti maintains his objections regarding this request. However, subject to and without waiving his General and Specific objections as set forth in his August 21, 2025, response to Petitioner's Request, Mr. Chishti agrees to produce, to the extent they exist, bank account statements for the entities: Zia Chishti Act 60 LLC, Zia Chishti Investment LLC, and Redcourt LLC. In addition, Mr. Chishti again reminds Petitioner that he has already agreed to produce documents in response to RFP No. 10, and to the extent they include these entities, he

**SheppardMullin**

September 5, 2025
Page 4

will produce those documents. Please confirm whether this alleviates the need to see Court involvement regarding this request.

**RFP No. 22:** We agree that the parties are at an impasse regarding this request.

**RFP No. 27:** Mr. Chishti stands on his objections regarding this request.

**RFP No. 30:** Mr. Chishti stands on his objections regarding this request. Subject to and without waiving his General and Specific objections as set forth in his August 21, 2025, response to Petitioner's Request, Mr. Chishti will sign a verification that any settlement proceeds obtained as a result of his settlement with *The Daily Telegraph* were not distributed to Mr. Chishti, but rather were retained by his counsel in satisfaction of their fees regarding the matter. Please let us know if this alleviates the need to seek Court involvement regarding this request.

**RFP No. 35:** We agree that the parties are at an impasse regarding this request. Mr. Chishti has already agreed to produce any signed copies of the agreements to the extent he can locate the documents. Petitioner's remaining requests are irrelevant, and Mr. Chishti stands on his objections regarding the same. Mr. Chishti will not address Petitioner's baseless commentary regarding Mr. Chishti's treatment of his property, but for the avoidance of doubt denies all of the allegations contained therein.

**RFP No. 38:** Mr. Chishti stands on his objections regarding this request.

**RFP No. 41:** Mr. Chishti stands on his objections regarding this request.

**ROG No. 3:** Mr. Chishti endeavors to supplement the address information contained in this interrogatory by Wednesday, September 10, 2025, and in any event will provide an update regarding the same by this date.

Respondent makes the above representations and agreements subject to and without curtailing or waiving his rights and objections as set forth in his Responses and Objections to Petitioner's First Set of Interrogatories and First Set of Requests for the Production of Documents, each dated August 21, 2025. Mr. Chishti reserves all rights regarding the same.

Respondent sent proposed revisions to the draft stipulation and protective order to Petitioner on September 4, 2025. Please let us know if you would like to discuss the proposed revision or have any additional proposals regarding the same.

We remain available to further meet and confer regarding these requests so as not to waste the Court's or the parties' time and resources on unnecessary discovery disputes.

**Sheppard**Mullin

September 5, 2025
Page 5

Best regards,

John G. Doyle
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Cc:     Counsel of Record

**Attachment D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
THE RESOURCE GROUP INTERNATIONAL
LIMITED,

            Petitioner,

    -v-

MUHAMMAD ZIAULLAH KHAN CHISHTI,

            Respondent.
```

25-cv-1021 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is the motion of petitioner The Resource Group International Ltd. ("TRG-I") to compel respondent Muhammad Ziaullah Khan Chishti to respond to certain post-judgment document requests and interrogatories in this action. See ECF No. 64. TRG-I's motion was fully briefed on September 15, 2025. See ECF No. 67.

TRG-I's motion arises out of disputes between the parties concerning some forty-three requests for the production of documents, along with some fifteen interrogatories, that TRG-I propounded on Chishti on July 22, 2025. See ECF Nos. 64-1, 64-2. The requests for production and interrogatories seek from Chishti a wide swath of documents and information that TRG-I represents are relevant to its capacity to collect on the Court's judgment. For the following reasons, the Court grants TRG-I's motion in part and denies it in part.[1]

---

[1] The Court presumes familiarity with the factual background and procedural history of this action, as well as with the particulars of the discovery requests at issue.

"The rules governing discovery in postjudgment execution proceedings are quite permissive." Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134, 138 (2014). Under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor "may obtain discovery from any person -- including the judgment debtor --" when that discovery is "[i]n aid of the judgment or execution." Because discovery is permissible to the extent that it is "calculated to assist in collecting on a judgment," EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012), a judgment creditor "need not prove that post-judgment discovery will lead to attachable or executable assets in order to obtain that discovery," Citibank, N.A. v. Aralpa Holdings Ltd. P'ship, No. 22 Civ. 8842, 2024 WL 1555231, at *3 (S.D.N.Y. Apr. 10, 2024) (cleaned up). Accordingly, post-judgment discovery requests may seek information "about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution." 12 Fed. Prac. & Proc. Civ. § 3014 (3d ed.). And while "[o]rdinarily third persons can be examined only about the assets of the judgment debtor," id., postjudgment discovery may be "permitted against a non-party where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them," Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559, 562 (S.D.N.Y. 1977).

These principles inform the Court's resolution of TRG-I's motion. First, TRG-I seeks an order compelling Chishti to respond to its

2

discovery requests to the extent that they "seek information concerning assets, property[,] and entities not owned <u>solely</u> by him." ECF No. 64 at 2. Chishti has identified no authority that entitles him to withhold discovery concerning assets that he happens to co-own with others, <u>see</u> ECF No. 67, and information about such assets is assuredly "calculated to assist in collecting on [the] judgment," <u>see</u> <u>EM Ltd.</u>, 695 F.3d at 207. Thus, TRG-I is entitled to responses to its requests concerning assets that Chishti may jointly own with others, and Chishti is ordered to respond.

<u>Second</u>, TRG-I seeks an order compelling Chishti to respond to its discovery requests to the extent that they "seek information concerning assets purportedly owned by" Chishti's spouse, Sarah Pobereskin, or to the extent that they seek information regarding pre- and post-nuptial agreements between Chishti and Pobereskin. ECF No. 64 at 2, 4. While Pobereskin is a party neither to this action nor to the underlying arbitration proceeding, the arbitrator found that Chishti was the beneficial owner of certain shares held in Pobereskin's name. <u>See</u> ECF No. 36-1 at 58 n.21. Moreover, the arbitrator found, Chishti "exercised a measure of control over the bank accounts and trading activity that facilitated [Poberskin's] prior acquisition/sale of [the] shares"; Chishti "at times provided [Pobereskin] with the funds used to acquire [the] shares"; and, "on at least one occasion," Pobereskin "returned the proceeds of [the] sale" of shares to Chishti. <u>Id.</u> These findings create a "reasonable doubt" regarding the ownership of assets held in Pobereskin's name and about the nature of transfers

3

of assets between Chishti and Pobereskin. If such a doubt is sufficient to justify discovery into the assets of a non-party, it is surely sufficient to justify discovery into a judgment debtor's relationship to that non-party. Cf. Magnaleasing, 76 F.R.D. at 562. Accordingly, TRG-I is entitled to responses to its requests regarding assets that are nominally owned by Pobereskin and regarding Chishti's pre- and post-nuptial agreements with her, and Chishti is ordered to respond.[2]

Third, TRG-I seeks an order compelling Chishti to respond to its discovery requests in reference to the time period between January 1, 2021, and the present. See ECF No. 64 at 3. Chishti's position is that the relevant time period is from January 12, 2023, when TRG-I commenced the underlying arbitration, to July 22, 2025, when TRG-I served the requests at issue. See id. at 3 & n.2; ECF No. 67 at 2-3. The Court agrees partially with TRG-I and partially with Chishti. Because Chishti does not dispute that he received tens of millions of dollars in cash and shares from TRG-I in January 2022 but represents that he presently has only tens of thousands of cash on hand, TRG-I is entitled to "trace the path of those assets," whether or not doing so reveals any transactions that may be subject to challenge. See Symons Int'l Grp.,

---

[2] Chishti contends that TRG-I's requests are inappropriate because TRG-I has purportedly demanded "Ms. Pobereskin's documents." ECF No. 67 at 3. Of course, Chishti cannot be required to produce documents that are not in his possession, custody, or control. See Fed. R. Civ. P. 34(a)(1). Additionally, as discussed further below, Chishti may assert -- and TRG-I may challenge the assertion of -- spousal privilege pursuant to the procedures set forth in Fed. R. Civ. P. 45(e)(2). None of these considerations renders TRG-I's requests for documents concerning Pobereskin facially inappropriate.

<u>Inc. v. Cont'l Cas. Co.</u>, No. 01 Civ. 799, 2015 WL 4392933, at *5 (S.D.
Ind. July 15, 2015).[3] Thus, Chishti is ordered to respond to TRG-I's
discovery requests in reference to the period of time between January
1, 2021, and July 22, 2025. However, Chishti is not obligated to
respond to the discovery requests in reference to the period of time
beginning July 23, 2025. Although the requests provide that they are
"continuing in nature," meaning that Chishti is "required to promptly
serve supplementary responses" upon obtaining "additional or different
information," that provision does not somehow impose on Chishti an
obligation to produce documents dated after TRG-I served its requests,
which demanded the production of documents only through "today," that
is, July 22, 2025. <u>See</u> ECF No. 64-1 at 3 ¶ 3, 5 15; ECF No. 64-2 at 5
¶¶ 9, 11.

Fourth, the parties have several disputes with regard to
purportedly "duplicative" requests. Chishti objects to certain
requests on the basis that they duplicate one another, and he objects
to other requests on the basis that they seek information that was
already produced to TRG-I during the underlying arbitration. <u>See</u> ECF
No. 64 at 3-4. While Chishti is not obligated to produce a separate,

---

[3] Chishti argues that <u>Symons</u> is distinguishable because the court there
granted discovery only in reference to the period the case was pending.
<u>See</u> ECF No. 67 at 3; <u>Symons</u>, 2015 WL 4392933, at *4. However, the
<u>Symons</u> court reasoned that authorizing extensive discovery was
appropriate because the plaintiff once "had several million dollars
in assets that could have been used to partially satisfy the judgment"
but then "represented that he lacks access to such assets." <u>Symons</u>,
2015 WL 4392933, at *4. TRG-I contends, and Chishti does not dispute,
that the same is true here. <u>See</u> ECF No. 64 at 2.

identical copy of any particular document in response to each request
to which that document is responsive, and while Chishti is not
obligated to produce a second, identical copy of any document that he
already produced to TRG-I, he may not evade his obligations to produce
further documents simply by asserting that a request is duplicative.

Fifth, to the extent that Chishti claims that any discovery
request seeks documents or information subject to privilege, he may
withhold the documents or information as to which he asserts privilege
pursuant to the procedures set forth in Federal Rule of Civil Procedure
45(e)(2). TRG-I may, for its part, challenge Chishti's assertions of
privilege pursuant to the same rule.

Sixth, the Court directs the parties to work in good faith to
implement the foregoing rulings in reference to their disputes
concerning individual discovery requests. The Court also hereby enters
the following rulings with regard to discrete disputes not encompassed
in the discussion above:

- As to RFP No. 13, Chishti is ordered to produce all responsive
  documents in his possession, custody, or control. Information
  about the "planned or contemplated transfer" of Chishti's
  securities, even if it may not "lead to attachable or
  executable assets," Aralpa Holdings Ltd., 2024 WL 1555231, at
  *3, is still "arguably related to the creditor's efforts to
  trace the debtor's assets," id. (quoting Gujarat State
  Petroleum Corp. v. Republic of Yemen, No. 19 Misc. 547, 2022
  WL 1567464, at *8 (S.D.N.Y. May 18, 2022)).

- As to RFP No. 17, Chishti is ordered to produce all responsive
  documents in his possession, custody, or control. Information
  about the "true nature" of the litigation between Chishti and
  JS Bank, ECF No. 64 at 4, is "calculated to assist in collecting
  on a judgment," EM Ltd., 695 F.3d at 207, to the extent that
  the information reveals whether the litigation is collusive.

- As to RFP No. 20, the Court sustains Chishti's objection that the request is overly broad in scope. The request seeks all documents in Chishti's possession, custody, or control concerning "loans, investments, transfers of funds or assets[,] or payment of any expenses" between Chishti "and any entities," see ECF No. 64-7 (emphasis added), a demand whose sweep is out of proportion to its burden. Chishti is ordered, however, to produce all such documents in his possession, custody, or control with reference to the entities specifically named in the request.

- As to RFP No. 27, Chishti is ordered to produce all responsive documents in his possession, custody, or control. Documents exchanged between Chishti and his financial advisors are plainly "calculated to assist in collecting on a judgment," EM Ltd., 695 F.3d at 207. Chishti's objection to this request is boilerplate to the point of meaninglessness. See, e.g., Fischer v. Forrest, No. 14 Civ. 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017).

- As to RFP No. 30, Chishti is ordered to produce all responsive documents in his possession, custody, or control. The "verification" that Chishti proposes to sign in connection with this request is inconsistent with public statements he has apparently allowed to be issued on the matter. See ECF No. 64-12. Because the request may result in the production of information "about assets on which execution can issue," 12 Fed. Prac. & Proc. Civ. § 3014, or may enable TRG-I to "trace the path of those assets," Symons Int'l Grp., 2015 WL 4392933, at *5, TRG-I is entitled to discovery.

- As to RFP No. 38, the Court previously held that this request, when propounded on Chishti's lawyers, improperly sought the disclosure of categorically privileged material. See ECF No. 63 at 10; Fed. R. Civ. P. 45(d)(3)(A)(iii). TRG-I's request to Chishti, however, seeks all documents concerning the "repudiation, payment, or non-payment" of the Court's judgment and the underlying arbitration award, not only communications on those topics between Chishti and his counsel. See ECF No. 64-1 ¶ 38. The Court therefore narrows RFP No. 38 to exclude communications between Chishti and his lawyers; it orders Chishti to produce all otherwise responsive documents in his possession, custody, or control.

- As to RFP No. 41, Chishti is ordered to produce all responsive documents in his possession, custody, or control. Even if Chishti's representation that he is "not a shareholder, director, officer, or board member of Isbei Ltd." is true, see ECF No. 67 at 4, TRG-I has identified well-pleaded allegations

that Chishti has identified himself as a "founder" of that entity, <u>see</u> ECF No. 64-13 at 5. Accordingly, documents concerning any audit of Isbei, Ltd. are "arguably related to the creditor's efforts to trace the debtor's assets." <u>See</u> <u>Aralpa Holdings Ltd.</u>, 2024 WL 1555231, at *3.

The Clerk of Court is respectfully directed to terminate the motion at docket number 64.

SO ORDERED.

New York, NY
September 17, 2025

_____
JED S. RAKOFF, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

IN RE SUBPOENA TO NON-PARTY
SARAH J. POBERESKIN

         Non-Party Movant,

———————————————————

THE RESOURCE GROUP
INTERNATIONAL LIMITED,

         Petitioner/Judgment Creditor,

         v.

MUHAMMAD ZIAULLAH KHAN
CHISHTI,

         Respondent/Judgment Debtor.

MISC. NO.:

(Related to S.D.N.Y. 25-CV-01021 (JSR))

**[PROPOSED] ORDER ON NON-PARTY SARAH J. POBERESKIN'S MOTION TO
QUASH SUBPOENA**

Upon consideration of Non-Party Sarah J. Pobereskin's Motion to Quash Subpoena, the submissions of the parties, and the record, it is ORDERED as follows:

1. The subpoena served on September 17, 2025, upon non-party Sarah J. Pobereskin is QUASHED in its entirety pursuant to Fed. R. Civ. P. 45(d)(3).

2. No production, testimony, or further act is required of Ms. Pobereskin under that subpoena.

3. Any remaining deadlines or return dates associated with that subpoena are VACATED.

4. This Order is without prejudice to party discovery in the underlying action and to any discovery sought from third parties other than Ms. Pobereskin.

5. The Court retains jurisdiction to enforce this order.

IT IS SO ORDERED.

Dated: _____

San Juan, Puerto Rico


_____
UNITED STATES DISRICT JUDGE